JOSEPH H. McCORD v. ROBERT J. KNOWLTON and Others.

April 27, 1900.

Nos. 11,998—(35).

## Conveyance in Fraud of Creditors.

In an action brought by a creditor to set aside a conveyance of real estate by a father to his son and daughter, *held*:

## Deed and Agreement for Future Support.

1. That the deed of conveyance was executed contemporaneously with the execution by the grantees of an agreement for the future support of the grantors, and that the two instruments, taken together, show that each was executed in consideration of the other, and that the deed was prima facie a voluntary conveyance, and void as to creditors.

## Domestic Services of Daughter of Grantor.

2. Domestic services performed by a daughter, of legal age, while a member of her father's household, will be presumed to have been performed voluntarily; and, in the absence of a prior agreement or understanding that she should receive compensation, a subsequent conveyance to her in consideration of such services is void as to creditors of the father.

**Remedy Granted by G. S. 1894, §§ 4506, 4507, not Exclusive.**

3. G. S. 1894, §§ 4506, 4507, do not provide an exclusive remedy in the executor or administrator. The creditor may proceed independently of the statute.

**Order of Probate Court Allowing Claim.**

An order of the probate court allowing a claim against an estate, if not appealed from, has the effect of a judgment, and the statute of limitations does not apply to the original claim.

Action in the district court for Sherburne county by Evan B. McCord against Robert J. Knowlton, Elizabeth A. Knowlton, Georgianna B. Orrock and James Orrock, personally and as administrator of the estate of George W. Knowlton, deceased, to set aside as fraudulent as against creditors a conveyance and transfer executed by the said George W. Knowlton and Elizabeth, his wife, to said Robert J. Knowlton and Georgianna B. Orrock (formerly Knowlton). The case was tried before Searle, J., who found in favor of defendants, and from a judgment entered pursuant to the findings, plaintiff appealed. After the entry of judgment Joseph H. McCord, executor of Evan B. McCord, deceased, was substituted as plaintiff. Reversed.

*Charles S. Wheaton* and *James C. Tarbox*, for appellant.

*Frank T. White* and *Edson S. Gaylord*, for respondents.

LEWIS, J.

The plaintiff, as a creditor of the grantor, brings this action to set aside a transfer of 120 acres of land and certain personal property by George W. Knowlton to his son and daughter, defendants Robert J. Knowlton and Georgianna B. Orrock, upon the ground that there was no consideration, the same being voluntary conveyances, and void as to creditors. The court below ordered judgment for defendants, and plaintiff appeals, assigning as error that the evidence does not support the findings as to consideration of the transfers, and that the findings of fact do not support the judgment.

It appears from the record that the personal property was conveyed by a bill of sale under seal upon a stated consideration of $860, no reference being made to the deed of the land or to the

agreement hereinafter mentioned.    The deed and agreement are as
follows:

## Agreement.

"This agreement, made this 21st day of October, A. D. 1890, be-
tween Georgianna B. Knowlton and Robert J. Knowlton, of the
county of Sherburne, and state of Minnesota, parties of the first
part, and George W. Knowlton and Elizabeth A. Knowlton, his
wife, of the same county and state, parties of the second part:

Witnesseth, that the said parties of the first part, in considera-
tion of the agreement of the second party hereinafter contained,
contracts and agrees with the said party of the second part as fol-
lows, to wit: That they, the said parties of the first part, will main-
tain and provide a home for the said parties of the second part in
the dwelling now occupied by them on section 26, township 34,
range 28, situate in Sherburne county, Minnesota; that they will
provide suitable food and clothing, and maintenance in health and
in sickness, will kindly and humanely furnish medical services and
medicines, kind treatment, care, and services such as would be suit-
able to their age and circumstances during their natural lives.    In
consideration of the foregoing the said parties of the second part
have this day made to the said parties of the first part a good and
sufficient warranty deed of the northwest quarter of the southwest
quarter of section 25, and the east half of the southeast quarter of
section 26, in township 34, range 28, said deed to remain in full force
and effect so long as this agreement shall be kept, and the provi-
sions therein contained shall be faithfully observed.    It is hereby
agreed by the parties herein that the said party of the first part will
not pay any debt contracted or that may be contracted by the said
parties of the second part, and that the said first party shall not
collect any debt due the said parties of the second part.

Georgianna B. Knowlton.<br>Robert J. Knowlton."

## Deed.

"This indenture, made this 21st day of October, in the year of our
Lord one thousand eight hundred and ninety, between George W.
Knowlton and Elizabeth A. Knowlton, his wife, of the county of
Sherburne, and the state of Minnesota, parties of the first part, and
Georgianna B. Knowlton and Robert J. Knowlton, of the county of
Sherburne, and state of Minnesota, parties of the second part:

Witnesseth, that the said parties of the first part, in considera-
tion of the sum of six hundred dollars, to them in hand paid by the
said parties of the second part, the receipt whereof is hereby ac-
knowledged, do grant, bargain, sell, and convey to the said parties
of the second part, their heirs and assigns, forever, all the follow-
ing described pieces or parcels of land lying and being in the county
of Sherburne, and state of Minnesota, described as follows, to-wit:

The northwest quarter of the southwest quarter of section twenty-five, township thirty-four, range twenty-eight, containing forty acres of land, more or less; and the east half of the southeast quarter of section twenty-six, township thirty-four, range twenty-eight, and containing eighty acres of land, more or less, according to the United States government survey thereof: Provided, that the said parties of the second part, or either of them, shall not incumber the above-described lands by mortgage or otherwise during the natural life of either of the parties of the first part without their consent. Provided, further, that if either of the parties of the second part shall cease to occupy, till, or farm the above-described lands, then the entire title shall revert to and become the property of the remaining party of the second part, and, should both of the said parties of the second part cease to occupy, till, or farm the said lands, then this deed to become null and void, and the said described lands revert back to the said parties of the first part.

To have and to hold the same, together with all the hereditaments and appurtenances thereunto or in any wise appertaining, except as above provided. And the said George W. Knowlton and Elizabeth A. Knowlton, parties of the first part, do covenant with the said parties of the second part, their heirs and assigns, that they are lawfully seized of said premises in fee simple; that they have good right to sell and power to grant and convey the same; that the same are free from all incumbrances; that the said parties of the second part, their heirs and assigns, shall quietly enjoy and possess the same; and that the said parties of the first part will warrant and defend the title to the same against all lawful claims.

In testimony whereof the said parties of the first part have hereunto set their hands and seals the day and year above written.

George W. Knowlton. [Seal.]
E. A. Knowlton. [Seal.]

Signed, sealed, and delivered
in presence of
    Nellie L. Reed.
    E. J. M. Knowlton."

The trial court found as a fact that at the time of the execution of these instruments the grantor George W. Knowlton was solvent, and executed the same in good faith, without intent to defraud his creditors, and that both the personal and real property were transferred for a good and valuable consideration. The deed is dated October 21, 1890, contains a stated consideration of $600, but there are embodied in it stipulations and conditions as to occupancy and incumbrances which show upon the face of the instrument that it was not intended to be an absolute deed for the benefit of the

grantees. The agreement is dated the same day, is executed by the grantees mentioned in the deed, and contains a contract on their part to maintain and provide a home for the grantors of the deed in the dwelling occupied by the grantors upon the same premises conveyed by the deed. Again, it is expressly stated in the agreement that the consideration for its execution is the transfer of the land by the deed, and that the deed shall only remain in force and effect so long as the agreement shall be faithfully observed. Taking these two instruments together, it conclusively appears that each was the consideration of the other; hence this was prima facie a voluntary conveyance, and void as to creditors. Walsh v. Byrnes, 39 Minn. 527, 40 N. W. 831. See also for a discussion of the principle involved, Wetherill v. Canney, 62 Minn. 341, 64 N. W. 818.

This deed being prima facie void, the burden was upon defendants to prove a valuable consideration. This was attempted by the testimony of the daughter. She testified that the consideration for the deed was $600 for services performed by her in the past, while from eighteen to twenty-two years of age, in taking care of her father's house and her mother. Upon this evidence the court found that at the time of the conveyance the father was indebted to the daughter in the sum of $600 for services performed by her, and that the transfers were made in consideration thereof and the further consideration of the agreement of support. This finding was not warranted by the evidence. There is nothing in the record to indicate that there was a prior agreement or understanding between the father and daughter that she should be paid. She was a member of the family, and it must be presumed that she lived as such, and there is nothing to indicate that the service referred to was not performed voluntarily. Her claim, on this evidence, could not have been enforced against the estate. See cases cited under section 211, Bump, Fraud. Conv. (4th Ed.). It therefore follows that the findings of the court as to consideration for the deed to the land are not supported by the evidence, and that judgment must be reversed unless the judgment should be affirmed for reasons urged by the respondent.

It is claimed that under G. S. 1894, §§ 4506, 4507, the plaintiff can-

not maintain this action; that it is made the exclusive duty of the administrator; and, by not furnishing the security mentioned, plaintiff is without a remedy. This is not the effect of the statute. The interpretation is plain. An administrator or executor may bring such actions, but is not bound to, unless furnished security. But this is not exclusive of the right of creditors to proceed independently.

The statute of limitations does not operate to cut off plaintiff's claim. It was presented in the probate court, and allowed as a valid debt against the estate. The allowance of a claim, if not appealed from, has all the binding effect of a judgment. Barber v. Bowen, 47 Minn. 118, 49 N. W. 684, and cases cited.

Judgment reversed, and new trial granted.