JESSIE EINOLF v. WILLIAM THOMSON.[1]

June 16, 1905.

Nos. 14,379—(137).

**Services of Adult Child.**

Where a child after arriving at majority continues to reside as a member of the family with a parent, or with one who stands in the relation of parent, the presumption is that no payment is expected for services rendered or support furnished by one to the other. This presumption is not, however, conclusive, and may be overcome by proof either of an express agreement to pay, or of such facts and circumstances as show satisfactorily that both parties at the time expected payment to be made.

**Presumption.**

Upon the evidence in this case, the jury was justified in finding that the presumption was rebutted.

**Excessive Damages.**

Damages awarded by a jury, not exceeding the demand of the complaint, and fairly within a credible part of the testimony, although in excess of the plaintiff's own estimate, are not necessarily so excessive as to require that the verdict be set aside.

**Striking Out Answer.**

Where a question is properly asked, and most of the answer thereto is proper, and only a part of that answer is improper, a motion to strike out the whole is properly denied.

Action in the district court for Clay county to recover $1,360, with interest, for services rendered as a household servant. The case was tried before Baxter, J., and a jury, which rendered a verdict in favor of plaintiff for the sum demanded. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*F. H. Peterson,* for appellant.

*Chas. S. Marden* and *M. R. Tyler,* for respondent.

JAGGARD, J.

In this case plaintiff sued for personal services as a household servant, claimed to have been rendered by her to defendant. The an-

[1] Reported in 103 N. W. 1026; 104 N. W. 290, 547.

swer was to the effect that, during all the times specified in the complaint, plaintiff lived in defendant's home, and occupied the position and relation to him of a daughter, and that all services performed by her for him were rendered gratuitously. Trial by jury resulted in a verdict for the plaintiff. From an order denying a motion for judgment notwithstanding the verdict, or for a new trial, defendant appeals.

1. The testimony shows conclusively that the plaintiff, a niece by birth, although never legally adopted, occupied the position of, and was treated by the defendant as, a daughter. "The general rule deducible from the authorities is that where a child after arriving at majority continues to reside as a member of the family with a parent, or with one who stands in the relation of a parent, * * * the presumption is that no payment is expected for services rendered or support furnished by the one to the other. This presumption is not, however, conclusive, and may be overcome by proof either of an express agreement to pay, or of such facts and circumstances as show satisfactorily that both parties at the time expected payment to be made." 21 Am. & Eng. Enc. (2d Ed.) 1061. And see Donahue v. Donahue, 53 Minn. 460, 461, 55 N. W. 602; Wetherill v. Canney, 62 Minn. 341, 346, 64 N. W. 818.

The testimony, however, demonstrates that in the spring of 1901 facts occurred which established the parties upon a commercial basis. It was conceded by counsel for defendant that an arrangement was then entered into whereby the defendant contracted to make a will in favor of the plaintiff, and that if he had died, leaving her nothing, an action for wages could have been brought. He insists, however, that this action was prematurely brought. Patterson v. Patterson, 13 Johns. 379. An examination of the record shows that there was an arrangement made that the plaintiff should receive some compensation; that in the spring of 1901 the defendant had a will drawn, whereby the plaintiff and the two other children were given equal shares in defendant's property, and showed this to the plaintiff; that, after the death of one of the children, defendant destroyed this will, and had another drawn, giving the plaintiff equal shares with the living child, and showed it to the plaintiff; that this will was afterwards destroyed. Taken as a whole, the evidence reasonably tends to prove the

agreement to have been that the plaintiff was to receive compensation; that she was not bound to await defendant's death, and then sue for wages only in case she was not provided for by will. On this state of facts, the action was not prematurely brought.

2. The defendant offered to prove that after he destroyed the last will he still intended to make provision for the plaintiff by his last testament, and to leave her a portion of his property, and to treat her in all respects as his daughter. This evidence, in the view here taken, and for other obvious reasons, was properly excluded.

3. The jury awarded the plaintiff damages at the rate of five dollars a week for all the time she remained at defendant's place after she became of age—about five and a half years. The plaintiff's own testimony placed the value of her services at four dollars a week. The defendant insists that the verdict, $1,397.88, was $275 larger than the plaintiff's estimate, or than she was entitled to. The amount was not in excess of the demand in the complaint, or of other testimony received. One witness testified that the services were worth one dollar a day; another, that they were worth five dollars a week. The matter was fairly within the discretion of the jury. It cannot be held, as a matter of law, that the verdict was so excessive as to require that it be set aside.

4. The final question arises upon the following record:

> Q. Now, I want you to tell how Mr. Thomson came to get possession of the child? A. When she was born, my wife was sick; and, I think, the night before she died, Mrs. Thomson and I and her was in the house, and she knew she was dying, and she asked me if I would give her the girl—the baby—and I said, if she was willing, I was; and she turned to Mrs. Thomson and said: "You can have her." And Mrs. Thomson said: "Some time we will get up adoption papers." (Defendant moves that the answer be stricken out as incompetent and immaterial. Motion denied).

This question was proper. The answer was proper, except as to the last part of its last sentence. If the defendant's motion had been directed to that part of the last sentence of the answer, instead of to the whole of it, it should have been stricken out. As it is, the record presents no error.

There are some other assignments of error, in which we have failed to 'find anything of sufficient force to justify specific consideration or a reversal.

Order appealed from is affirmed.

After reargument the following opinion was filed on September 7, 1905.

PER CURIAM.

A rehearing was granted the defendant upon the question whether the damages awarded the plaintiff are excessive. It is an admitted fact that the plaintiff, after she became eighteen years of age, remained and worked for the defendant for five and a half years, or sixty-six months. This action was brought to recover for such services, and the jury allowed her $20 a month for the full time. We have reconsidered the evidence, and are of the opinion that, if the plaintiff was entitled to compensation for the full term of her services after she arrived at her majority, the award of damages is fairly sustained by the evidence.

It is, however, the contention of the defendant that in no event was the plaintiff entitled to recover for services rendered prior to the spring of 1901, for the reason that they were rendered by her as a member of the defendant's family, without any expectation of compensation, and, further, that a promise thereafter to pay for such services, if made, was without consideration and void. No such question was raised on the trial. The defense tendered by the answer was that during the entire time of the services the plaintiff "lived in the defendant's home, and occupied therein the position and relation of defendant's daughter, and that all services performed by her for defendant were performed pursuant to such relationship and not otherwise." This was the issue submitted to the jury by the trial court, and her claim was treated by court and counsel through the trial as an entirety; no question being made that she was not entitled to recover for the full term of her service, if at all.

The claim that the term was divisible, and that a recovery in any event could only be had for services rendered after the spring of 1901, was not made on the trial, nor was it passed upon by the court or jury. The question cannot be raised in this court for the first time, and we adhere to our original decision that the damages awarded the plaintiff are not excessive, but justified by the evidence.