AUGUSTA KAMPFER v. EAST SIDE SYNDICATE and Another.[1]

June 30, 1905.

Nos. 14,288—(64).

**Husband and Wife.**

A married woman is not, by reason of her relation to her husband, prohibited from purchasing tax titles upon property which he holds under a lease from a third party.

**Occupying Claimant.**

In an action to determine adverse claims where there was a claim for improvements under the occupying claimant's act, *held*:

1. That upon the findings of fact and conclusion of law the description of a city lot was sufficiently certain to enable its location and identity.

2. That the findings of fact reasonably construed indicate that the premises were held by the occupant under color of title in fee.

3. That the findings of fact sustain the conclusions of law, and authorized the judgment directed.

Appeal by defendants from a judgment of the district court for Ramsey county, entered pursuant to the findings and order of Kelly, J. Affirmed.

*Edward B. Graves,* for appellants.

*William G. White,* for respondent.

LOVELY, J. [2]

In an action under the statute to determine adverse claims, findings of fact and law were made holding that defendant have judgment for a city lot conditioned that plaintiff, an occupying claimant, have pay for her improvements, and reimbursement for certain sums paid in liquida-

---

[1] Reported in 104 N. W. 290.    [2] START, C. J., absent, did not sit.

tion of taxes paid or bid in by her at tax sales. The evidence was not returned either in a bill of exceptions or settled case, and this brings here only the findings, with the question whether they support the judgment.

On this appeal three questions only are presented which we deem it our duty to notice. It was claimed that the description of the property was imperfect, an impossible description in fact. We have reached the conclusion that, while the description was technically inaccurate, it was not an impossible description, but such as would enable a surveyor to locate the property in suit from what was correctly described in the complaint, which is sufficient (Doherty v. Real Estate Title Ins. & Trust Co., 85 Minn. 518, 89 N. W. 853) ; and we can conceive of no benefit in setting forth or construing the description at length, since under the findings of the court, which must control in this case, the identity and location of the premises was well known and acted upon by all parties to this suit for a number of years prior to the commencement of the action, and hence this description in the tax deeds and certificates upon which plaintiff's color of title rested was sufficient.

It was further urged that plaintiff, a married lady, in making her claim for improvements and taxes paid, was the wife of an individual who was the lessee from defendant of the property; that she was prohibited for this reason from obtaining tax titles or adverse interests to the defendant. It is not very clear when the plaintiff's husband was the lessee of the defendant, or whether the leasehold relation had terminated when the tax titles were acquired. But this is of very little consequence, since there is no restriction which bars a wife in this state from acquiring a title against property by reason of any relationship between the husband and others to which she had no further privity than in her occupancy of the premises as the wife of her husband and under the legal obligations and duties arising from the marital relation.

The important legal question presented on this appeal arises upon the consideration of the question whether the plaintiff was holding under color of title in fee. In one of the findings of the trial court it was specifically held and pointed out that a certificate was issued upon the clearing up tax sales under Laws 1899, p. 410, c. 322. The court was under the impression that the deed issued was regular on its face, but

it also appears from the findings that the proper notice of redemption and time allowed to run thereon, as held under Cole v. Lamm, 81 Minn. 463, 84 N. W. 329, had not elapsed, and for this reason the certificate could not give sufficient color of title in fee, and, were it not for the remaining findings of the trial court referring to allegations in the pleadings which are found to be true, referring to a number of deeds which were considered by the trial court, the judgment would have to be set aside; but we think, giving a fair and liberal construction to the entire findings of the court, and applying the presumption in favor of the conclusion reached as indicated by its memorandum, there is upon such presumption reasonable grounds for holding that the findings of fact sustain the conclusion of law upon which judgment was ordered and entered in behalf of the rights of the occupying claimant.

We are therefore unable to discover the existence of errors sufficient to reverse the judgment, which is affirmed.

