'ANNE REDMOND v. CADY HAYES.[1]

January 5, 1912.

Nos. 17,289—(156).

**Fraudulent conveyance.**

A fraudulent conveyance is good as between the parties thereto, and the title vests in the grantee, subject to the right of creditors to have the grant annulled as to them.

**Same — setting aside — rights of creditor and debtor.**

Where such a conveyance is set aside in an action by a creditor, it does not operate to reinvest title in the grantor; but as to the creditor who, claiming in hostility to the deed, secures its cancelation, such annulment

[1] Reported in 133 N. W. 1016.

only restores to him and to the grantor, as against each other, their respective rights as they existed before the deed was executed. The rights of neither can be enlarged by the cancelation of the deed.

**Same.**

A creditor, having avoided a fraudulent deed, cannot set it up as a valid deed to destroy a right which the grantor would have been entitled to if the deed had not been made, nor to secure for himself an advantage which he would not have been entitled to if the canceled deed had not been executed.

**Facts set up do not constitute a lien.**

The facts alleged in defendant's answer considered, and *held*, that they do not show that he has a lien on the land described in the complaint.

Action in the district court for Fillmore county to determine adverse claims to certain real estate. The substance of the pleadings is given in the second paragraph of the opinion. From an order, Kingsley, J., granting plaintiff's motion to strike out the first amended answer as sham and frivolous, defendant appealed. Affirmed.

*Bassett & Gullickson, Gray & Thompson, A. G. Chapman,* and *D. J. Coleman,* for appellant.

*John W. Hopp,* for respondent.

START, C. J.

Appeal from an order of the district court of the county of Fillmore striking out the defendant's first amended answer as sham and frivolous.

The action is one to determine adverse claims to real estate, consisting of eighty acres of farm land. The complaint was in the usual form in such actions, alleging the plaintiff's ownership and possession of the land, without disclosing the source of the title, and that the defendant claimed some estate therein or lien thereon. The defendant by his original answer admitted that he claimed certain liens on the land, setting out the source and nature thereof. A general demurrer to his answer was sustained by the trial court. Thereupon the defendant interposed the amended answer here in question, setting out the source and nature of his alleged liens. The plaintiff then made a motion to strike out the amended answer as

sham and frivolous, basing the motion upon the complaint, original answer, demurrer thereto, the order sustaining it, the judgment roll in the case of Cady Hayes, the defendant herein, against Nellie Travis and others, and the affidavit of the plaintiff herein. In opposition to the motion the defendant filed his own affidavit. The trial court, upon a consideration of the moving papers and the records and files therein referred to, and of the defendant's affidavit, made the order appealed from.

The record here relevant is voluminous and involved. Stated as concisely as practicable, the record shows the alleged facts following:

February 7, 1901, Patrick Redmond and Anne Redmond, the plaintiff herein, were husband and wife, residing upon a farm of two hundred acres in Fillmore county, the fee title to which was in Patrick, subject to the inchoate interest therein of his wife, and subject to two mortgages thereon to the defendant herein. They were the parents of thirteen children then living, including Edward Redmond and Nellie Travis. Eighty acres of this farm, hereinafter referred to as the "homestead," was the homestead of the Redmonds, and was then occupied by them as such, and thereafter until the death of the husband, Patrick Redmond, intestate, on November 3, 1907, and continuously thereafter by his widow, the plaintiff herein. One hundred and twenty acres of the farm, hereinafter referred to as the "unexempt land," was liable for the debts of Patrick Redmond. On February 7, 1901, Patrick Redmond, Anne Redmond, and their son Edward Redmond were severally indebted to the defendant in the aggregate sum of $1,289.10, exclusive of the mortgages, as evidenced by their unsecured promissory notes. On the day last named, Patrick Redmond by warranty deed, in which his wife joined, conveyed the whole of the farm to Nicholas Travis, the husband of their daughter Nellie Travis. At the same time they transferred to Travis all their personal property, not exempt, owned by either of them. The defendant, on June 4, 1902, duly recovered three judgments, which were duly docketed in the district court in the county of Fillmore, on three several promissory notes—one against Patrick, Anne, and Edward Redmond for $418.98, one against Patrick

for $229.13, and one against Patrick and Anne Redmond for $918.68.

Nicholas Travis died testate January 17, 1904. His wife, Nellie Travis, was under his will his sole devisee, legatee, and executrix. The will was duly admitted to probate, and she was appointed executrix. July 17, 1905, the executrix closed the administration of the estate, and on that day the final decree was made assigning the residue of the estate to her, as sole devisee and legatee.

Before the making of such final decree, and on April 15, 1905, the defendant herein brought an action in the district court of the county of Fillmore, in which he was plaintiff and Patrick Redmond, Anne Redmond and Nellie Travis, individually and in her capacity as executrix, were defendants, to have the transfer of the farm to Nicholas Travis adjudged fraudulent and void as to the plaintiff as such creditor, to have three judgments declared liens on the unexempt portion thereof, and for judgment against Nellie Travis, individually, as such sole devisee and legatee and as such executrix, for the use and rental value of the unexempt land and the value of the personal property so sold to Nicholas Travis, and by him converted to his own use, and to have the judgment made a lien on the whole of the farm, including the homestead.

Nellie Travis, by warranty deed of date November 16, 1906, conveyed the homestead to her mother, the plaintiff, for the consideration of one dollar and love and affection. The deed was duly recorded February 25, 1907. The defendant herein foreclosed his two mortgages, and on the demand of the plaintiff herein the unexempt land was first offered for sale, and the same was sold in December, 1909, to purchasers other than the defendant, for the full amount due on the mortgages, which was the full value of such unexempt land. The defendant, on December 24, 1910, redeemed from the foreclosure sales as a creditor by virtue of his three judgments. The unexempt land was not sold on execution sale under the judgments, for the alleged reason that the full value thereof was absorbed in the payment of the mortgages.

Judgment was entered in the creditor's action April 9, 1910, whereby it was adjudged, with other matters, that the conveyance

of the farm by Patrick and Anne Redmond and the transfer of the unexempt personal property to Nicholas Travis, and each of them, were fraudulent and void as to the plaintiff, Cady Hayes, the defendant herein, as such judgment creditor, and that the same, and each of them, were annulled and canceled as to him; that his three judgments were a lien on the unexempt land, but that none of them was a lien on the homestead; and that Nellie Travis, individually and in her capacity as executrix, was chargeable as trustee in the sum of $1,268.50, for which judgment was entered, as a trust fund arising from the rents and profits of the unexempt land and from the unexempt personal property received and converted by her and her husband by means of such fraudulent conveyance and transfer. This trust judgment was to constitute a fund out of which to pay whatever portion of the three judgments might remain unpaid after the amount realized from the sale on execution of the unexempt land had been applied in payment on the same.

Counsel for the defendant contends that these alleged facts show that the defendant has a lien on the land described in the complaint, the homestead, or on some undivided part thereof. The claim is, in effect, that if the fraudulent deed was absolutely annulled, as the judgment purports to do, then the title to the homestead thereby revested in the fraudulent grantor, Patrick Redmond, and when he died intestate seised of the homestead, his widow took a life estate therein, and his thirteen children took in equal shares the fee thereof subject to the life estate; therefore the defendant's judgments against two of the children, Edward and Nellie, are a lien on the undivided share of each in the land. The difficulty with this argument is that the premises are radically unsound, for the fee title to the farm, or any part thereof, on the cancelation of the fraudulent deed, did not revert to the fraudulent grantor.

The general rule is well settled that a fraudulent conveyance is good as between the parties thereto, and the title vests in the grantee, subject to the right of creditors to have the grant annulled as to them. Where a fraudulent conveyance is set aside in an action by a creditor, it does not operate to reinvest title in the grantor; but as to the creditor who, claiming in hostility to the deed, secures its

cancelation, such annulment only restores to him and to the grantor, as against each other, their respective rights as they existed before the deed was executed. The rights of neither can be enlarged by the cancelation of the deed. The creditor, having avoided a fraudulent deed, cannot set it up as a valid deed to destroy a right which the grantor would have been entitled to if the deed had not been made, nor to secure to himself an advantage which he would not have been entitled to if the canceled deed had not been made. Horton v. Kelly, 40 Minn. 193, 41 N. W. 1031; Brasie v. Minneapolis Brewing Co. 87 Minn. 456, 92 N. W. 340, 67 L.R.A. 865, 94 Am. St. 709, Bump, Fraudulent Conveyances, § 484, 2 Moore, Fraudulent Conveyances, 645, § 4.

It follows that the plaintiff is the owner of the homestead by virtue of the deed from her daughter Nellie Travis to her, and that none of her children have or ever had any title to any part thereof.

It is further urged by defendant that, conceding the correctness of this conclusion, the trust judgment against Nellie Travis is a lien on the whole of the homestead, because the legal title thereto was in her when she conveyed to the plaintiff, which was after the judgment was docketed. This is a misconception of the basis and character of the trust judgment. None of the three judgments, for the payment of which the trust judgment was only a collateral security, was ever a lien on the homestead. The cancelation of the deed as void as to the defendant from its delivery, was the only basis for charging the devisee and executrix of the fraudulent grantee as trustee with the rents and profits of the unexempt land and the value of the personal property. If the defendant had connected himself with, or recognized in any manner, the title of the fraudulent grantee, he could not have secured his collateral trust judgment, which rests upon a repudiation of the title of such grantee and its cancelation for all purposes as against him. Having obtained the annulment of the deed, and thereby securing the trust judgment, he is estopped to set up the validity of the canceled deed in order to secure a lien on the homestead for the payment of his three judgments which were not a lien thereon. The judgment in the creditor's action consistently cancels the deed for all purposes as to the defendant as a

condition precedent to charging the devisee and executrix with the rents and profits so far as may be necessary to pay the three judgments.

If the defendant had secured a judgment against Nellie Travis upon a cause of action not dependent upon a cancelation of the fraudulent deed, before she conveyed the homestead to her mother, it would have been a lien thereon; but the trust judgment is not one of this character, for its sole basis is the annulment of the fraudulent deed, and its absolute nullity for all purposes, either for or against the defendant, was determined by the judgment in the creditors' action.

Our conclusion is that the facts alleged in the answer do not show that the defendant has a lien on any part of the homestead.

Order affirmed.