## MEDA H. LANSING v. FRANCES E. GREGORY.

February 26, 1915.

Nos. 19,004—(228).

**Personal services — payment.**

> The presumption is that services rendered by one member of a family to another are without expectation of pay and that there can be no recovery for them. This presumption is overcome by proof of a promise to pay, express or implied in fact. In this case, conceding that the respondent and decedent occupied the relation of members of a family, the evidence justified a finding of a contract to pay implied in fact.

In the matter of the estate of Cinderella M. Lansing, deceased, Meda H. Lansing filed a claim for $1,120 for services rendered the decedent, and Frances E. Gregory, one of the next of kin of decedent, filed objections. From the order of the probate court for Hennepin county allowing claimant the sum of $650, Frances E. Gregory appealed to the district court for that county where the appeal was heard by Leary, J., and a jury which returned a verdict in favor of claimant for $1,347.48. Appellant's motion for judgment notwithstanding the verdict was denied, and that for a new trial was granted unless respondent consented to a reduction of the verdict to $806.27. From the judgment entered pursuant to the order for judgment, Frances E. Gregory appealed. Affirmed.

*Lewis E. Stetler,* for appellant.
*George S. Grimes,* for respondent.

Dibell, C.

On an appeal from the Hennepin county probate court to the dis-

1 Reported in 151 N. W. 277.

Note.—As to the implication of agreement to pay for services rendered by relative or member of household, see note in 11 L.R.A.(N.S.) 873.

trict court the respondent, Meda H. Lansing, recovered a verdict against the estate of Cinderella M.. Lansing for services as nurse.

Frances E. Gregory, one of the next of kin of decedent appeals from the judgment entered on the verdict.

That services as a nurse were rendered by the respondent to the decedent is without dispute; and there is no question but that they were of substantial value. They were quite out of the ordinary in character. Mrs. Lansing is the wife of the step-son of the deceased. They lived on terms of intimacy, and in the same house, if not as members of the same household. When services are rendered by one member of a family to another the presumption is that they are gratuitous; but this presumption is overcome by proof either of an express agreement to pay or of facts satisfactorily showing an intention on the part of both that there be compensation. Beneke v. Beneke, 119 Minn. 441, 138 N. W. 689, Ann. Cas. 1914B, 381, and cases cited. See notes, 133 Am. St. 248, 11 L.R.A.(N.S.) 873.

Whether the respondent and the deceased were members of the same household or family, within the rule, is left uncertain by the evidence. The question was put to the jury and the estate should not complain.

There is evidence that the deceased intended to pay for the services rendered by the respondent. There is evidence that the respondent did not intend that her services should be gratuitous. The evidence is such as to justify a finding of a contract implied in fact.. Whether the jury found that the respondent and the deceased lived apart, or occupied the ordinary relation of members of the same family, the verdict is justified. As reduced by the trial court the amount awarded is within the amount properly recoverable.

Judgment affirmed.