EMIL T. THYSELL v. HENRY T. McDONALD AND OTHERS.[1]

November 17, 1916.

Nos. 19,860—(27).

**Conveyance in fraud of creditors.**

1. Where a debtor conveys unexempt property without consideration and without retaining sufficient other property to pay his then existing debts, the conveyance is void as against prior creditors.

**Conveyance from parent to child — when services of child are consideration.**

2. A child remaining in the family after becoming of age is not entitled to pay for services rendered, unless the services were performed pursuant to a prior agreement for compensation therefor; but, where such services are performed pursuant to a prior agreement for compensation, they constitute a valid consideration for a conveyance of real estate.

**Conveyance of homestead valid against creditors.**

3. As against creditors, a deed conveying both the homestead and unexempt land is valid as to the homestead, even if fraudulent as to the unexempt land.

**Findings sustained by evidence.**

4. The evidence sustains the finding that the services in question were performed pursuant to an agreement for compensation and that the son was a good faith purchaser of the land.

**Charge to jury — rulings on evidence.**

5. No reversible errors appear in the charge or rulings.

Action in the district court for Clay county by the administrator of the estate of Henry McDonald, deceased, to set aside a certain deed on

[1]Reported in 159 N. W. 958.

the ground that it was a fraudulent conveyance as to the creditors of decedent. The case was tried before Roeser, J., who made findings, incorporating in them the negative answer of the jury to the question mentioned in the first paragraph of the opinion, and ordered judgment in favor of defendants. From an order denying his motion for amended find- ings, conclusions of law and order for judgment or for a new trial, plaintiff appealed. Affirmed.

W. George Hammett, for appellant.

Christian G. Dosland and Victor Oleson, for respondent.

TAYLOR, C.

The decedent owned a farm of 160 acres in Clay county upon which he resided with his wife and son, and 80 acres of which was his home- stead. The son, the defendant Henry T. McDonald, remained upon the farm and worked for his parents for some 12 years after he became of age. The parents then conveyed the farm to him, reserving to them- selves for life the use of certain rooms in the dwelling house, and of cer- tain parts of the barn and granary. The son assumed a mortgage of $1,600 upon the farm, and his claim for wages for his services during the preceding 12 years constituted the remainder of the consideration for the deed. Shortly after the execution of the deed, the father died. Some two years later, plaintiff was appointed administrator of his estate upon the petition of creditors, and thereafter brought this action to set aside the deed as fraudulent and void as against such creditors. At the trial, the question as to whether the deed had been made for the purpose of hindering, delaying or defrauding creditors was submitted to a jury and answered in the negative. The court incorporated this special verdict in its findings, and further found, in substance, that the son purchased the farm in good faith for its reasonable value, and had paid the full purchase price, over and above the mortgage, by applying thereon the sum of $3,200 due him for wages. The court held the deed to be valid and directed judgment for defendants. Plaintiff made a motion for amended findings, and also for a new trial, and appealed from the order denying his motions.

At the time of executing the deed, the decedent owed debts exceeding in amount the value of the property retained by him; and plaintiff in-

sists that the deed was a voluntary conveyance, without consideration, and void for that reason as against prior creditors. It is well settled that, where a debtor makes a conveyance without consideration and without retaining sufficient other property to pay his then existing debts, such conveyance may be set aside by his creditors to the extent necessary to enable them to apply the unexempt property so conveyed in payment of such previously existing debts. Filley v. Register, 4 Minn. 296 (391); Tupper v. Thompson, 26 Minn. 385, 4 N. W. 621; Underleak v. Scott, 117 Minn. 136, 134 N. W. 731; Sovell v. County of Lincoln, 129 Minn. 356, 152 N. W. 727.

To sustain his claim that the deed in controversy was without consideration, plaintiff invokes the rule that a child, remaining in the family after becoming of age, is not entitled to pay for services rendered, unless the services were performed pursuant to a prior agreement that he should receive compensation therefor. This rule is also well established. McCord v. Knowlton, 79 Minn. 299, 82 N. W. 589; Einolf v. Thomson, 95 Minn. 230, 103 N. W. 1026, 104 N. W. 290, 547; Begin v. Begin, 98 Minn. 122, 107 N. W. 149; Beneke v. Beneke, 119 Minn. 441, 138 N. W. 689, Ann. Cas. 1914B, 381; Knight v. Martin, 124 Minn. 191, 144 N. W. 941; Lansing v. Gregory, 128 Minn. 496, 151 N. W. 277. Where such services have been rendered without a prior agreement for compensation, a subsequent deed, given in payment therefor, is without consideration and may be set aside at the suit of prior creditors of the grantor. McCord v. Knowlton, 79 Minn. 299, 82 N. W. 589. But where such services are rendered pursuant to an agreement that compensation shall be made therefor, they constitute a valid consideration for a conveyance to the child. Wetherill v. Canney, 62 Minn. 341, 64 N. W. 818; Leqve v. Stoppel, 64 Minn. 152, 66 N. W. 124.

The finding of the court that the sum of $3,200 was due the son for wages, at the execution of the deed, necessarily included a finding that his services were performed under an agreement that he should receive compensation for such services; and the main contention of plaintiff is that such finding is not warranted by the evidence. Such agreement may be established either by proof of an express agreement, or by proof of facts and circumstances showing that both parties understood that the services were to be paid for; and it need not be shown that the amount

of compensation was agreed upon in advance. Einolf v. Thomson, 95 Minn. 230, 103 N. W. 1026, 104 N. W. 290, 547; Beneke v. Beneke, 119 Minn. 441, 138 N. W. 689, Ann. Cas. 1914B, 381; Lansing v. Gregory, 128 Minn. 496, 151 N. W. 277.

Plaintiff called the son for cross-examination, and the following is a part of such cross-examination: "Q. How did you come to remain at home, Henry, after you reached your majority? A. To work. Q. But what arrangement was made for wages, if any? A. Going wages. Q. You were to receive the going wages? A. Yes, sir." This testimony brought out by plaintiff himself is sufficient to sustain the finding which he attacks.

Counsel for defendants and the trial court seem to have overlooked the fact that the deed, even if fraudulent as to creditors, would be valid between the parties to it. In questions to witnesses, defendant's counsel assumed that, if the deed were set aside as to creditors, the entire farm, including the homestead, would revert to the estate and be administered by the probate court the same as if the deed had never been executed, and the court stated to the jury that such would be the fact. The creditors had no claim upon the homestead in any event, and the deed vested title to it in the son, and such title could not be affected by any judgment rendered in this action, even if the deed were fraudulent as to the non-exempt 80. Redmond v. Hayes, 116 Minn. 403, 133 N. W. 1016; Keith v. Albrecht, 89 Minn. 247, 94 N. W. 677, 99 Am. St. 566; Ferguson v. Kumler, 27 Minn. 156, 6 N. W. 618.

Plaintiff duly objected to the line of questions above mentioned; and urges the rulings admitting them, and the remarks of the court to the jury, as error. While incorrect, the question is whether they affected the result and consequently were prejudicial. Only one question was submitted to the jury: Whether the deed had been executed with intent to hinder, delay or defraud creditors. While the explanation of the effect of the verdict and of the effect of holding the transaction fraudulent might well have been omitted, and, if stated, should have been stated correctly; yet as the court further told the jury that, if the farm reverted to the estate, the homestead would go to the widow for life and to the children after her death, and that the creditors would have no claim upon it, the jury must have understood that the homestead was beyond the reach of

creditors regardless of whether the deed was or was not executed with a fraudulent intent. Furthermore, immediately after the explanation referred to, the court stated to the jury that "the only question in this case for you to consider is whether or not the old man intended by this deed to cheat his creditors and that the son knew of this intention or should have known it." We think no substantial prejudice resulted to plaintiff. The matters complained of had no bearing upon the question of the intent with which the deed was made nor upon the question of the consideration for it.

The fact that the parents reserved the use of portions of the buildings does not concern plaintiff as the reservation did not affect the unexempt 80 but was confined to the homestead. Some other questions are raised but do not require special mention. We find no errors requiring a reversal, and the order appealed from is affirmed.