## GEORGE H. LOVELL v. CLARA BELLE LOVELL BEEDLE.[1]

### July 13, 1917.

### Nos. 20,449—(229).

**Parent and child — contract for payment of services — evidence.**

1. A child, remaining a member of the family after becoming of age, is not entitled to pay for his services, unless they were performed pursuant to a prior agreement for compensation therefor; but such an

[1] Reported in 163 N. W. 778.

agreement may be established by proof of facts and circumstances from which it may fairly be inferred.

**Same — question for jury.**

2. The evidence made a question for the jury as to whether the services in question were rendered pursuant to such an agreement.

**Appeal and error — admission of improper evidence without objection.**

3. Where no objection is made nor exception taken to the admission of improper evidence, and its admission is not assigned as error, this court must consider it as properly in the case.

**Damages excessive.**

4. Verdict *held* excessive, and a new trial is granted unless respondent consents to a reduction thereof.

Clara Belle Lovell Beedle filed in the probate court for Martin county a claim against the estate of George W. Lovell, deceased. From the allowance of the claim, George H. Lovell appealed to the district court for that county. The appeal was heard before Quinn, J., and a jury which returned a verdict for $5,241. From an order denying his motion for a new trial, George H. Lovell appealed. Affirmed on condition that respondent consent to a reduction of the verdict by $1,500.

*Paul C. Cooper,* for appellant.

*Haycraft & Palmer,* for respondent.

TAYLOR, C.

George W. Lovell, Sr., died intestate October 17, 1915. Respondent, his daughter, presented a claim for $5,000 against his estate for services rendered during the 10 years immediately preceding his death. The probate court allowed this claim in the sum of $3,000. Appellant, a brother of respondent, appealed from the probate court to the district court, where the issues were tried to a jury, who returned a verdict for respondent for the full amount claimed. Appellant made a motion for a new trial, and appealed from an order denying his motion.

Appellant invokes the well established rule that a child, remaining a member of the family after becoming of age, is not entitled to pay for his services, unless they were performed pursuant to a prior agreement for compensation therefor, and insists that the evidence is not sufficient to

sustain a finding that the services of respondent were rendered pursuant to an agreement that she was to be compensated therefor by her father.

Such an agreement may be established either by proof of an express contract, or by proof of facts and circumstances from which it may be inferred that both parties understood that the services were to be paid for; and it is not necessary that the amount of the compensation should have been fixed by the agreement. Einolf v. Thomson, 95 Minn. 230, 103 N. W. 1026, 104 N. W. 290, 547; Beneke v. Beneke, 119 Minn. 441, 138 N. W. 689, Ann. Cas. 1914B, 381; Lansing v. Gregory, 128 Minn. 496, 151 N. W. 277; Thysell v. McDonald, 134 Minn. 400, 159 N. W. 958.

The other children of the decedent married and established homes for themselves. Decedent was afflicted with a cancer which covered the inside of his mouth, extended through his nose to his eyes and destroyed his eyesight so that he was blind during the 10 years for which the services are claimed. He required constant attention, and respondent was both housekeeper and nurse. As is usual in cases where one party is dead and the statute closes the mouth of the other, the evidence to establish a mutual understanding that respondent was to be paid for her services is rather vague and unsatisfactory; but a careful examination of the record satisfies us that the evidence is sufficient to make this a question for the jury. The decedent repeatedly stated to intimate friends that respondent would be paid for her services and she stated that she expected compensation therefor. There is evidence from which the jury could infer that it was understood by both parties that the decedent would make a provision for respondent in his will which would adequately compensate her for her services. Eleven years before his death, he had made a will which favored her, but which appears to have been destroyed. One of the witnesses to this will testified that the decedent had afterwards stated to him that he intended to destroy the old will and make a new one, and that he further stated as the reason therefor: "That he had made provision in the first will, but it was not sufficient for the work and care that Belle was giving him since the will was drawn up."

At the trial, both attorneys carefully refrained from asking respondent as to any conversation with her father, but the following took place: "Q. Belle, did you expect to be paid for these services that you rendered? A. I expected my father to leave me something extra. He had told me

that he was going to.  The court—He told you that he was going to?  A. Yes, sir." Appellant complained of this at the argument and also in his brief; but as no motion was made to strike it out and no exception was taken, and as its admission was not assigned as error in the motion for a new trial, and is not assigned as error in this court, we cannot consider the error in its admission, if any there was, and this testimony is a part of the evidence in the case.

Appellant assigns as error several rulings upon the admission and exclusion of evidence, and one paragraph of the charge, but we find nothing in any of them justifying a reversal.

Appellant contends that the verdict is excessive.  The jury allowed $500 per year for the full period of 10 years.  Respondent and her father resided upon the father's farm.  She had her support from the farm, and also acquired poultry and cattle of her own, which were kept upon and fed from the produce of the farm, and from which she received the proceeds.  In this manner she accumulated a small sum of money.  She was married two years before her father's death.  Thereafter she, her husband and her father, lived in the house as one family, but she and her husband rented 80 acres of the farm from the father and carried it on upon their own account.  What the arrangement was between them does not clearly appear.  After considering all the circumstances disclosed by the record, we feel that the jury awarded a larger amount than the facts warranted.  If, within 15 days after the filing of the remittitur in the district court, the respondent shall file in that court a written consent that the sum of $1,500 be deducted from the amount of the verdict, the order appealed from will stand affirmed; but if she shall fail to file such consent within the time stated, the order appealed from is reversed and a new trial granted.

Mr. Justice Quinn took no part in this decision.