SAN ANTONIO, RESPONDENT, *v.* SPENCER, ADMX., AP-
PELLANT.

(No. 6,264.)

(Submitted February 17, 1928.   Decided March 2, 1928.)

[264 Pac. 944.]

*Work and Labor—Services Performed by Member of Family
to Other Member—When Plaintiff Entitled to Recover—Pre-
sumptions—Value of Services—Evidence.*

Work and Labor—Services Rendered Without Agreement—Law Im-
plies Promise to Pay, When.
1. Where services are rendered without an agreement which,
however, are knowingly and voluntarily accepted by the one
to whom they are rendered, the law presumes that they were
rendered in the expectation of being paid for, and implies a
promise to pay therefor what they are reasonably worth.

Same—Services Rendered by Member of Family in Conduct of Home
Presumed Gratuitous in Absence of Agreement to Pay Therefor.
2. The law regards personal services rendered by near relatives
or members of the same family living together as one house-
hold in the conduct of the home, and board or lodging or other
necessaries or comforts furnished, as gratuitous, and in the ab-
sence of an express agreement to pay for the same, or facts and
circumstances from which such an agreement can be inferred,
there can be no recovery therefor.

Same—Evidence—Agreement Relative to Compensation not Necessary
to Recovery.
3. In an action of the nature of the above where plaintiff sues
for the reasonable value of services performed, she was not
required to prove that the amount of her compensation was
agreed upon, the reasonable value of the services being susceptible
of proof by other means.

Same—Member of Family may Recover for Services Rendered in
Conducting Home Under Agreement to Pay Therefor.
4. Evidence in an action by a niece against the administratrix
of the estate of her uncle for services rendered in the capacity
of housekeeper, showing that after she had left his household
where she had been for a number of years supported by him
as one of the family, to obtain employment elsewhere, he prevailed

1. See 27 Cal. Jur. 199; 28 R. C. L. 668.
2. Presumption that services rendered by relative are gratuitous,
see note in 133 Am. St. Rep. 250. Implication of agreement to pay
for services rendered relatives or members of household, see note in
11 L. R. A. (n. s.) 873. See, also, 27 Cal. Jur. 204; 28 R. C. L. 675.
Implied contract to pay for uncle's or aunt's or nephew's or niece's
services, see note in Ann. Cas. 1913C, 307.
4. See 28 R. C. L. 688.

upon her to return to keep house for him, *held* sufficient to show an agreement to pay for her services, thus bringing the case within the exception above (par. 2) entitling her to judgment.

---

[1, 2]  Work and Labor, 40 Cyc., p. 2808, n. 8, p. 2815, n. 48, 51, p. 2823, n. 99.

[3]  Executors and Administrators, 24 C. J., sec. 882, p. 284, n. 15.

[4]  Executors and Administrators, 24 C. J., sec. 1123, p. 407, n. 94.

*Appeal from District Court, Deer Lodge County; George B. Winston, Judge.*

ACTION by Catherine San Antonio against Mary Spencer, as administratrix of the estate of Andrew M. Costello, deceased. Judgment for plaintiff and defendant appeals. Affirmed.

*Mr. D. H. Morgan* and *Mr. T. P. Stewart,* for Appellant, submitted a brief; *Mr. Stewart* argued the cause orally.

Citing: 13 C. J. 286, 287; 1 Beach on Contracts, sec. 653; *Ruble* v. *Richardson,* 188 Cal. 150, 204 Pac. 572; *Sargent* v. *Foland,* 104 Or. 296, 204 Pac. 349; *Livingston* v. *Hammond,* 162 Mass. 375, 4 A. R. C. 910, 38 N. E. 968; *Williams* v. *Hutchinson,* 3 N. Y. 312, 4 A. R. C. 939, 53 Am. Dec. 301; sec. 5847, Rev. Codes, 1921.

*Mr. J. B. C. Knight,* for Respondent, submitted a brief and argued the cause orally.

Citing: *Officer* v. *Swindlehurst et al.,* 41 Mont. 126, 108 Pac. 583; *Guild* v. *Guild,* 15 Pick. (Mass.) 129; *Puterbaugh* v. *Puterbaugh,* 7 Ind. App. 280, 33 N. E. 808, 34 N. E. 611; 26 Cyc. 1030; *Albee* v. *Albee,* 3 Or. 321; *Conrad* v. *Conrad,* 4 Dall. (Pa.) 130, 1 L. Ed. 771; *McGarvy* v. *Roods,* 73 Iowa, 363, 35 N. W. 488; *Dickerson* v. *Dickerson,* 50 Mich. 37, 14 N. W. 691; *Ulrich* v. *Ulrich,* 136 N. Y. 120, 18 L. R. A. 37, 32 N. E. 606; *Duveneck* v. *Kutzer,* 17 Tex. Civ. App. 577, 43 S. W. 541; *Thysell* v. *McDonald,* 134 Minn. 400, Ann. Cas. 1917C, 1015, 159 N. W. 958; *Maitland* v. *Greer,* 8 Pa. Super. Ct. 461. The cases cited by the appellant all hold that the

child is entitled to recover if there is an expressed promise to pay proven to have been made by the party served.

MR. JUSTICE STARK delivered the opinion of the court.

The defendant in this action is the duly appointed, qualified and acting administratrix of the estate of Andrew M. Costello, who died on May 19, 1926.

In her complaint the plaintiff alleges that between the —— day of August, 1911, and the eighteenth day of May, 1926, she performed work and services for the deceased, at his special instance and request, consisting of ordinary household duties, and that the deceased agreed to pay her therefor; that the services so rendered from August 1, 1911, to April 28, 1924, a period of 152 months, were of the reasonable value of $10 per month, and that the services rendered between April 28, 1924, and May 18, 1926, were of the reasonable value of $150, making a total of $1,670, no part of which has been paid; that she duly presented her verified claim for such amount to the defendant as administratrix, but that the same was rejected.

In her answer the defendant admits that the plaintiff lived in the home provided by the deceased, but denies that she performed any work or services for him at his special instance or request, and further alleges that the deceased was a brother of plaintiff's mother; that he took the plaintiff into his home when she was an infant, provided her with food, shelter, clothing, and medical attention, and assumed the relation of parent to her; that, during the time plaintiff lived with the deceased, she did certain work about his home as a member of the household, all of which was performed as the services of a child for a parent; that there was never any contract or agreement, express or implied, for the payment of any amount to the plaintiff by the deceased, but that all of such services were performed by plaintiff for deceased in return for the home, food, clothing and education which were furnished to her "while acting in the capacity of parent of said plaintiff, and not otherwise." The affirmative allegations of the answer were put in issue by plaintiff's reply thereto. The case was brought

on for trial, and, at the close of plaintiff's evidence, defendant moved for judgment of nonsuit, which was denied. Defendant then introduced evidence, and the cause was submitted to the jury, which returned a verdict in favor of the plaintiff for the full amount of her claim. Defendant moved for a new trial, which was denied, and she has appealed from the judgment.

As grounds for reversal, the defendant has specified that the court erred (1) in overruling the motion for a nonsuit, and (2) in overruling the motion for a new trial.

The testimony showed that the deceased, Andrew M. Costello, was a bachelor, and that the plaintiff was one of the four daughters of Mrs. —— Kelly, a sister of the deceased; that Mrs. Kelly had been deserted by her husband; and that she died in 1898, at which time her children were all small. After her death, the four girls were placed in an orphans' home, and the deceased paid at least a portion of the expense of their maintenance there for about six years. Thereafter the deceased took the girls from the home, and with them boarded at the home of a sister, Mrs. Wallace, for about three and a half years. After that, and about the year 1907, he set up a home of his own, where he lived with, and supported, the girls. On behalf of plaintiff there was testimony that at that time one of these girls, Ella, became the housekeeper, and continued to act in that capacity down to about the month of August, 1911, receiving pay for her services from the deceased. About August, 1911, Ella left, and went to St. Paul. Prior thereto the plaintiff, Catherine, had left the Costello home, and was working for a Mrs. McGinley at $2 per week. After Ella left, according to the testimony of the sisters, Rose and Mary, the deceased had a talk with the plaintiff, in which he inquired how much wages she was getting at Mrs. McGinley's, and, upon being told, said to her: "If you come home and keep house for me, I will do better by you, and I will pay you more than they pay you." Following this conversation, plaintiff went back to the home of the deceased, and remained there, acting as housekeeper and doing all the work from August,

1911, until the time of her marriage in 1924, and, after her marriage, continued to keep up the deceased's home and cook one meal a day for him, down to the time of his death.

Besides the plaintiff's two sisters who testified to the arrangements under which plaintiff returned to the home of deceased as housekeeper, one other sister and the plaintiff herself testified concerning the work which plaintiff did in that capacity, and, in addition thereto, there was testimony of the value of services such as plaintiff rendered, and tending to show that deceased had at different times made mention of the fact that he had money for the plaintiff, and that he owed her.

Testimony on the part of the defendant was to the effect that, after the mother's death, the deceased always supported and maintained the plaintiff and her sisters until they were married; that they all lived in a house together, and the sisters all assisted in the housework as in an ordinary family.

"It is certainly true that where services are rendered by one [1, 2] person for another, which are knowingly and voluntarily accepted, without more, the law presumes that such services were given and rendered in the expectation of being paid for and will imply a promise to pay what they are reasonably worth." (28 R. C. L., p. 668.) To this rule there is a generally acknowledged exception which is stated in 40 Cyc., page 2815, in these words: "In the case of near relatives or members of the same family, living together as one household, the law regards personal services rendered, and board or lodging or other necessaries and comforts furnished, as gratuitous, and in the absence of an express agreement to pay for the same or facts and circumstances from which such an agreement can be inferred, there can be no recovery therefor. Where, however, it appears that the parties, at the time the services were rendered or the board and the like furnished, contemplated and intended pecuniary compensation, a recovery may be had." In the case of parent and child, that exception has been recognized in this state by the provisions of section 5847, Revised Codes of 1921.

[82 Mont. 9.]

From the testimony, the conclusion is inescapable that the plaintiff, down to the time of her marriage, was living as a member of her uncle's household under such circumstances as to bring herself within the rule laid down in the above exception, repelling the presumption that she expected to be paid for her services, or that he intended to pay her for them, and that to entitle her to recover she was required to establish either an express or an implied agreement that she was to be compensated for the services rendered. The language used in 40 Cyc., page 2823, is applicable to the facts in this case: ''The relationship of uncle or aunt and nephew or niece will not alone repel the presumption that services rendered are to be paid for; but where such persons live together as members of the same household, there can be no recovery for services rendered or board and the like furnished, in the absence of an express contract or facts and circumstances from which one can be fairly implied.''

The authorities all recognize the right of persons circumstanced as plaintiff and her uncle were to make an agreement such as she claims was made. As stated in 13 C. J., at page 187: ''In all cases, however, contractual intention may be shown notwithstanding the relationship of the parties.'' (See, also, *Sargent* v. *Foland*, 104 Or. 296, 207 Pac. 349; *Ruble* v. *Richardson*, 188 Cal. 150, 204 Pac. 572; *Puterbaugh* v. *Puterbaugh*, 7 Ind. App. 280, 33 N. E. 808, 34 N. E. 611; *Ulrich* v. *Ulrich*, 136 N. Y. 120, 18 L. R. A. 37, 32 N. E. 606; *Thysell* v. *McDonald*, 134 Minn. 400, Ann. Cas. 1917C, 1015, 159 N. W. 958.)

In *Officer* v. *Swindlehurst*, 41 Mont. 126, 108 Pac. 583, this court held that as between parent and child such a contract might be inferred from circumstances.

It was not necessary for plaintiff to prove that the amount [3] of her compensation was agreed upon between herself and her uncle, as the reasonable value of the services rendered could be established by other proof. (*Sargent* v. *Foland*, supra; *McGarvy* v. *Roods*, 73 Iowa, 363, 35 N. W. 488.),

From the evidence introduced at the trial, the jury was war-
[4]   ranted in finding that, when plaintiff's sister Ella left
her uncle's employment as his housekeeper to go to St. Paul,
the latter induced plaintiff to return to his home and take up
such duties upon an agreement that he would pay her there-
for; that, in consideration of such agreement, she did leave the
employment in which she was then engaged and go to work
for her uncle, and that she continued therein for the length
of time claimed in her complaint. This testimony, being ac-
cepted by the jury, as it apparently was, brought the plaintiff
within the rules laid down in the authorities, entitling her to
compensation for services rendered to her uncle, even though
she was a member of his household, and therefore the court
did not err in denying defendant's motion for nonsuit, nor
in overruling her motion for a new trial.

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES
MYERS, MATTHEWS and GALEN concur.