## MARY CATHERINE O'BRIEN AND OTHERS v. WILFORD JOHNSON AND ANOTHER.

### 200 N. W. 2d 32.

### July 21, 1972—No. 43149.

*Erickson & Casey* and *Carl E. Erickson,* for appellants.
*Ryan, Ryan & Ebert* and *Clem Ryan,* for respondents.

Heard before Knutson, C. J., and Otis, Rogosheske, and Peterson, JJ.

PER CURIAM.

Six days after our decision in O'Brien v. Johnson, 275 Minn. 305, 148 N. W. 2d 357 (1967), holding commercial property then owned and occupied in small part as a homestead by plaintiff Sadie O'Brien (mother of the other named plaintiffs) exempt from the claim of defendants (judgment creditors), Sadie O'Brien made a gift conveyance of the fee interest of the property to her four children, reserving to herself a life estate, pursuant to which she continued to occupy the property as her dwelling place. Subsequently, defendants caused a sheriff's levy and execution sale to be made of the fee interest in the property upon the claim that such conveyance under all the circumstances of the litigation between these parties resulted or should result, in equity and justice if not as a matter of statutory interpretation, in the fee interest losing its exempt status. The trial court nullified the execution sale and we reluctantly but unavoidably affirm.

Until the legislature modifies Minn. St. c. 510, which establishes a homestead exemption, we are hopelessly committed to our decision in O'Brien v. Johnson, *supra,*[1] and to Minn. St. 510.07, which expressly and unambiguously authorizes an owner to convey the homestead without subjecting it to "any judgment or debt from which it was exempt in his hands."

Affirmed.

---

[1] See, also, Thysell v. McDonald, 134 Minn. 400, 159 N. W. 958 (1916).

Mr. Justice MacLaughlin, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.