MICHAEL DONAHUE vs. PETER DONAHUE et al.

Submitted on briefs May 16, 1893.  Affirmed June 8, 1893.

**Evidence of Contract by a Father with His Son to Pay Him for His Services.**

The presumption that a son who, after arriving at his majority, continues a member of his father's family, working for him apparently as before, is working for his support, as in his minority, may be overcome, and an agreement by the father to pay for the son's work after majority proved by evidence, indirect, or circumstantial, by the conduct or conversations of the parties, or the admissions of the father.

**Such Evidence is not Required to be Clear, Direct and Certain.**

In an action to recover for such work, a request by defendant to charge that "the evidence must be clear, direct, and certain" is objectionable, as it may mislead the jury.

Appeal by defendants, Peter Donahue *et al.*, Executors, from an order of the District Court of Freeborn County, *Thomas S. Buckham*, J., made August 9, 1892, denying their motion for a new trial.

The plaintiff, Michael Donahue, for nearly three years after he became of age, remained at home living with, and working for, his father on his father's farm in the town of Nunda. His father

died testate December 26, 1890; the will was proved, the defendants received letters testamentary, and accepted the trust. The son presented his claim for services. It was rejected in the Probate Court, and he appealed. In the District Court pleadings were framed under Laws 1889, ch. 46, § 260, and on the trial, plaintiff had a verdict for $325. The Executors moved for a new trial but were refused and they appeal to this court.

*Lovely & Morgan,* for appellants.

*W. E. Todd,* for respondent.

GILFILLAN, C. J. The evidence was abundant to sustain a finding that, while the plaintiff continued to work for his father after he became of age, there was an agreement between them that the father should pay him for his work. Of course, from the fact alone that the son continued after he became of age, a member of the father's family, working for him apparently as before he became of age, no agreement to pay him for his work would be implied, but the presumption would be that he worked for his support, as while a minor. But the evidence was sufficient to overcome that presumption, and justify a finding that there was an agreement to pay. All that could be required was that it was such as to reasonably satisfy the jury of the fact. It might be indirect or circumstantial; shown by the conduct or conversations of the parties, or admissions by the father.

The statement in the appellant's second request to charge, that "the evidence must be clear, direct, and certain," might have misled the jury to suppose that, to justify a finding that there was such an agreement, it must have been directly testified to by some witness who heard it made, and that part of the charge was objectionable. All there was unobjectionable in the request was in the court's general charge, given clearly, explicitly, in much better terms than are contained in the request.

Order affirmed.

VANDERBURGH, J., took no part in the decision.

(Opinion published 55 N. W. Rep. 602.)