## C. GOTZIAN & CO. *vs.* JOSEPH STEINKAMP.

Argued May 26, 1893.   Affirmed June 8, 1893.

Considerat?on for Promissory Notes.

S. executed notes payable to G., and delivered them to K., upon the understanding between them that K. should deliver them to G., and get from G., for his own benefit, money, or the equivalent of money. K., who had collected from S. money due to G., and had failed to pay it over to G., turned the notes over to G. in lieu of that much money so collected by him, and they were received by G. as the equivalent for that amount of such money. *Held*, from the time they were so turned over there was a full consideration for them, and G. can recover on them.

Appeal by defendant, Joseph Steinkamp, from a judgment of the District Court of Ramsey County, *Chas. D. Kerr*, J., entered August 22, 1892, against him for $665.83.

The plaintiff, C. Gotzian & Co., is a corporation engaged in selling goods. On June 20, 1889, Henry Kopp was its traveling salesman, and authorized to collect money due it for goods. The defendant was a customer, bought goods and paid its agent Kopp for them, but Kopp failed to pay over the money to plaintiff. Steinkamp supposed it was paid over, and plaintiff supposed it had not been paid. On the last-named day, at Kopp's request, and for his accommodation, defendant made his two promissory notes, one for $300, due in sixty days, and the other for $218.30, due in ninety days, both payable to the order of C. Gotzian & Co., and delivered them to Kopp, with the intention and understanding that Kopp should borrow money on them of plaintiff to be used by Kopp for his benefit.

Kopp delivered the notes to plaintiff in lieu of that amount of money. Its officers took them supposing that defendant had not paid his bill, but had given the notes instead of money. When the notes fell due, they were not paid, and the corporation brought this action to recover their contents. The defendant answered that the notes were made without consideration, and denied that they were ever lawfully delivered.

The action was tried and findings filed May 23, 1892, directing

judgment for the plaintiff. On motion of defendant, additional findings of fact were made July 23, 1892.

*F. Barta* and *Munn, Boyesen & Thygeson,* for appellant.

*Morphy, Gilbert & Morphy* and *John D. O'Brien,* for respondent.

GILFILLAN, C. J. Plaintiff, through its agent, one Kopp, sold goods to defendant, for which defendant paid Kopp, who had authority from plaintiff to receive payment. Kopp did not pay over to his principal the amount collected, he being short in such payment more than the amount of the notes in suit, the principal not knowing that he had received from defendant the amount for which he was short. On application of Kopp, defendant executed the notes, (payable to plaintiff,) and delivered them to him, "with the intention and understanding on the part of defendant and Kopp that Kopp should deliver said notes to plaintiff, the payee, and get for his (Kopp's) benefit money, or the equivalent of money, from the plaintiff for the same;" and Kopp turned the notes in to plaintiff in lieu of that much money which he had collected, and the same was received by plaintiff as the equivalent for that much of such money.

As between Kopp and plaintiff the transaction was the same, in effect, as if he had received from plaintiff the money on the notes, and immediately paid it to plaintiff on his account. After it, plaintiff's claim against him was diminished by the amount which the notes called for. It does not affect their validity that the consideration did not actually come into the hands of the defendant. He authorized Kopp to receive, and Kopp did receive, it; and from the time of his receiving it there was a consideration to support the notes, as fully as if the money or thing which constituted it had gone directly to defendant, or to any one else designated by him to receive it.

Judgment affirmed.

VANDERBURGH, J., took no part in the decision.

(Opinion published 55 N. W. Rep. 602.)