## IN RE ESTATE OF ELLEN JOHNSON.
## GEORGE JOHNSON, APPELLANT.[1]

March 11, 1927.

No. 25,920.

**Finding sustained that mother impliedly agreed to compensate her daughter for services.**

1. Evidence *held* sufficient to justify a finding that there was an implied agreement on the part of a mother to compensate her married daughter for services rendered in caring for the mother during her last illness.

**And may be shown by conduct or conversation of parties.**

2. Such evidence may be indirect or circumstantial as shown by the conduct or conversation of the parties.

**Rulings on admissibility of evidence.**

3. The record does not disclose that there was reversible error in the rulings upon the admissibility of evidence.

**Charge was clear and concise.**

4. The trial court instructed the jury clearly as to the law of the case and submitted the issues of fact in a clear and concise manner.

[1]Reported in 212 N. W. 815.

**Verdict sustained.**

5. Under the evidence as to the character and value of respondent's services, the verdict cannot be interfered with.

Appeal and Error, 4 C. J. p. 963 n. 68.

Damages, 17 C. J. p. 1123 n. 68.

Executors and Administrators, 24 C. J. p. 281 n. 88; p. 282 n. 91; p. 285 n. 17; p. 406 n. 84; p. 407 n. 88, 89.

George Johnson, administrator, appealed from an order of the district court for Kittson county, Grindeland, J., denying his motion for judgment notwithstanding the verdict or a new trial. Affirmed.

*Halvor Steenerson* and *Theodore F. Neils*, for appellant.

*R. V. Blethen*, for respondent.

QUINN, J.

There was a verdict of $801 with interest in favor of claimant against her mother's estate, for services in caring for decedent during her last illness. This appeal is from an order denying the alternative motion of the administrator for judgment notwithstanding the verdict or a new trial.

Ellen Johnson, deceased, was the mother of claimant and resided upon a farm in Kittson county, this state. Claimant was married and lived with her husband and children in the state of North Dakota. The mother was 77 years of age and weighed 250 pounds, became partially paralyzed and helpless, had no control over her organs, and had to be lifted, bathed several times each day and constantly waited upon. Her bedding and clothing required changing two or three times each day. In caring for her mother, claimant did all of such work and in addition thereto the cooking and housework. She worked 267 days and by June 29, 1924, became much exhausted as the result therefrom and was forced to quit. Further statement as to labor performed is unnecessary.

Appellant urged that the evidence was not sufficient to overcome the presumption that claimant's services for her mother were gratuitous. The rule is well settled in this state: "It is however, not necessary to prove an express contract for compensation. The

presumption that the services are gratuitously rendered by a child, so long as it remains in the parental home a partaker of its benefits and comforts, may be overcome by facts and circumstances from which an implied promise to compensate may be inferred." In re Estate of Klessig, 153 Minn. 27, 189 N. W. 424; In re Estate of Havenmaier, 163 Minn. 218, 203 N. W. 958. However, in this case, the trial court held, and we think properly, that such a presumption did not obtain but submitted the question whether there was an implied promise to compensate the daughter for her work to the jury which, by their verdict, found that there was such a contract.

We are satisfied that the evidence was sufficient to justify a finding that there was an agreement to pay. All the proof that could be required was that it was such as to reasonably satisfy the jury of the fact. It might be indirect or circumstantial as shown by the conduct or conversation of the parties. Donahue v. Donahue, 53 Minn. 460, 55 N. W. 602. An examination of the record convinces us that there was no reversible error in the rulings upon the admissibility of evidence. The trial court instructed the jury clearly as to the law of the case and submitted the issues of fact in a clear and concise manner. Under the evidence as to the character and value of respondent's services, the verdict as to amount cannot be interfered with.

Affirmed.