### MYRTLE SMITH v. HARRIET PARSONS HANSEN.[1]

April 13, 1928.

No. 26,591.

**Verdict for services rendered decedent sustained.**
    1. The claim of respondent against the estate of William Y. Parsons for services rendered decedent was sufficiently established to justify a verdict in her favor, and appellant is not entitled to judgment non obstante.

**Verdict held not excessive.**
    2. This court cannot hold the verdict herein excessive, approved as it is by the trial court.

**Instruction respecting proof as to definite terms of agreement with claimant properly refused.**
    3. The court did not err in refusing to instruct the jury that there could be no recovery unless the agreement to compensate was established with definiteness as to terms, and by clear, satisfactory and convincing evidence.

Executors and Administrators, 24 C. J. p. 407 n. 94; p. 414 n. 12.

---

See 28 R. C. L. 672.

The probate court for Dodge county, Cooper, J. allowed the claim of plaintiff against the estate of William Y. Parsons for services performed after attaining her majority in the amount of $2,000 with

[1]Reported in 219 N. W. 151.

interest. Defendant as executrix appealed to the district court, where issues were framed. By stipulation the case was transferred for trial to Steele county. There was a verdict for plaintiff, and defendant appealed from an order, Senn, J. denying her alternative motion for judgment or a new trial. Affirmed.

*Kyle & Kyle* and *J. M. Millett,* for appellant.

*C. D. Simpson,* for respondent.

HOLT, J.

The appeal is by the executrix of the estate of William Y. Parsons from an order denying her alternative motion for judgment notwithstanding a verdict (allowing the claim of Myrtle Smith against the estate in the sum of $2,059) or a new trial.

These facts are not in dispute. The deceased, a widower with three children, the executrix being one, remarried some time prior to 1907. The last marriage was childless, and in 1907 the Parsons took into their home Myrtle Smith, then four years old, and Frank, her brother, a year older. The children were not related to the Parsons and were never adopted, but were brought up and treated as if they had been the natural children of the foster parents. Mrs. Parsons died in August, 1925, and Mr. Parsons November 2, 1925. The last year of her life Mrs. Parsons was in poor health, and for five or more years before he died Mr. Parsons was afflicted with palsy, at times so severely that he could not feed himself or attend to his personal needs. Frank Smith was allowed to work for himself when he attained the age of 16. Myrtle remained with the Parsons after her majority, attending school until 1923. She always assisted in the domestic work of the family, and during the illness of the Parsons attended to their wants. Just prior to his wife's death Mr. Parsons disposed of his $2,000 life insurance by making it payable $500 to each of his three children and $500 to Frank Smith. At the same time he and his wife executed a deed of the homestead, valued at $4,000, to Myrtle Smith, and also drew a will giving the homestead to her. The deed was not delivered. This disposition of his insurance and property was subject to his wife's surviving him. Less than a month before his death he became

provoked at Myrtle and destroyed the will and deed intended for her benefit, making a will leaving the homestead to his daughter, this executrix. In the probate court Myrtle Smith presented a claim against the estate of William Y. Parsons for the reasonable value of the work rendered after attaining her majority, which was allowed by the probate court in the sum of $2,000. The executrix appealed to the district court with the result stated. Hereinafter Myrtle Smith will be referred to as respondent, and the executrix as appellant.

The respondent in the district court framed a complaint tendering issues, which the executrix answered in behalf of the estate. The complaint was on the theory that the services were rendered under an agreement that the homestead would be received by the respondent when the Parsons died, that this agreement was breached, and that the services rendered were reasonably worth the amount asked. The answer was a denial of an agreement to compensate, that the expenses for rearing respondent were greater than the value of the services rendered, that the services were rendered as a member of the household, and that in no event were they of a greater value than $500.

The main contention of appellant is that the jury could not find the existence of an agreement to reward or compensate respondent for her services, hence there should be judgment notwithstanding the verdict. Because of the statutory prohibition against an interested party's testifying as to an agreement with a deceased person, it sometimes happens, as in the instant case, that no direct evidence thereof is available. But its existence may ordinarily be inferred from expressions of the deceased to others of an intention to compensate, from declarations as to what has been done, and from acts evidencing a purpose to remunerate. The fact that one of the two children taken in was permitted, even before majority, to work for himself, while the other was retained for several years after becoming of age, to render services, many of which were of an exceedingly disagreeable character, is some indication that a justly minded recipient would not have called for them unless there was an agreement or understanding that compensation in some form

was to be made. Several witnesses testified to the great appreciation by the deceased of respondent's services and an intention to reward them. That he also went far to carry this intention into effect is undisputed. We are of the opinion that appellant is not entitled to judgment.

The verdict is assailed as excessive. Part of this claim arises from the fact that the services rendered were alleged in the complaint to be domestic services; hence the jury could not consider the evidence received, over objection, as to the value of the services rendered in the nature of practical nursing. We think there is no merit in the claim or objection. At times, in most families, some member thereof has to take the place of a practical nurse in respect to another member. And when the pleader used the expression that respondent's claim was for "purely domestic services" we think it was intended to cover every service a member of the family might be called to render in the family relation, including acts and words prompted by sympathy and affection. The services thus rendered between members of a family are generally estimated of more worth than when attempted by one outside the family. It is true, the evidence does not disclose the date when the compensated services began, but this was for the jury to determine. From the fact that the brother of respondent was given his time long before coming of age, the jury might infer that her compensation was intended to begin no later than her majority. Her school attendance afterwards does not necessarily negative the existence of such an agreement. The jury were also warranted in applying Mr. Parsons' own estimate of the value of the respondent's services, namely, the homestead. Taking the whole record, we are not justified in reducing the verdict, approved by the trial court. Cases of amounts allowed prior to the World War are not good guides. Nor are cases of much assistance which recite merely the amount awarded by a court or jury, but where the excessiveness or the inadequacy of the award is not questioned in this court. In Lovell v. Beedle, 138 Minn. 12, 163 N. W. 778, the amount of $500 a year for the ten years prior to 1915 was held excessive. In In re Estate of Johnson, 170 Minn. 451, 212 N. W. 815, a verdict of $801 for 267 days service was sus-

tained. In In re Estate of Havenmaier, 163 Minn. 218, 203 N. W. 958, there is an intimation that the evidence might have warranted a larger verdict.

The court refused to instruct the jury, in effect, that in order to allow any claim they must be able to find the definite terms of the contract, what duties respondent assumed, what the time of employment was to be and the specified price, if any, or the reasonable value; also that the evidence must be clear, satisfactory and convincing and more than mere passing remarks or mere expectations of decedent, unexpressed to respondent, to pay or provide for her. Errors are assigned upon the refusal.

As supporting the contention of error appellant cites Knight v. Martin, 124 Minn. 191, 144 N. W. 941; Wagner v. Seaberg, 138 Minn. 37, 163 N. W. 975; Greenfield v. Peterson, 141 Minn. 475, 170 N. W. 696; In re Estate of Klessig, 153 Minn. 27, 189 N. W. 424. The facts in the Knight case refuted the existence of any agreement to compensate other than was done—the deceased leaving all to his two sisters with whom he had lived as one family, farming as well that portion of the old homestead that his father had deeded to him as that part deeded to his sisters. There is nothing in the Wagner case calling for the requested instructions. The Greenfield action was one for specific performance of an oral contract, and greater and more definite proof is there required than in a case for recovery of the reasonable value for services rendered. The claim in the Klessig estate was barred unless it could be definitely proved that the compensation was to be paid upon the death of Klessig. And furthermore, in view of the fact that the claimant received a gift of $2,700 from her father long after the services were rendered, the court said [153 Minn. 32]: "Some substantial and direct evidence should be adduced to establish that, when Minna received this large sum from her father, these services rendered long prior thereto were still considered by him an outstanding obligation against him." Donahue v. Donahue, 53 Minn. 460, 55 N. W. 602, holds the requested charge objectionable.

The charge as given fully complied with the rule stated in Lovell v. Beedle, 138 Minn. 12, 163 N. W. 778. The court so clearly stated

that the jury must find there was an understanding on the part of both Parsons and respondent that compensation for the services in suit was to be made, before they were rendered, that no error of which appellant can complain resulted from the refusal to give the requested instruction that recovery could not be based upon mere passing remarks, or upon expectations of decedent not expressed to respondent.

The order is affirmed.