## KARL HALL v. CHARLES H. GILLIS AND ANOTHER.[1]

January 20, 1933.

No. 29,073.

*John P. Devaney, R. V. Gleason,* and *George M. Trudeau,* for appellant.

*Robb, Rich & Frohne,* for respondents.

STONE, JUSTICE.

In this personal injury action defendant Makepeace had a verdict, and plaintiff appeals from the order denying his motion for new trial.

Plaintiff's injuries were received while a passenger in an automobile driven by Oscar W. Swanson on the afternoon of May 24, 1930, on highway No. 10, about three miles west of Maple Plain. There was a collision between Swanson's automobile, westbound, and one driven by defendant Makepeace, eastbound. Doubtless there would have been no collision had it not been that a grader was then pro-

[1] Reported in 246 N. W. 466.

ceeding westerly on the south side of the road, the left end of its blade working within about two feet of the extreme south edge of the 40-foot top of the fill. The ground was very dry. The grader blade and wheels raised a dense cloud of dust, which, carried on a south wind, completely obscured the roadway north of the grader, and probably much of the grader itself, from the view of anyone approaching from either direction. The Makepeace car, eastbound, had to turn to the left, or north, to pass the grader, and did so. Just after passing the grader and as it was emerging from the cloud of dust, it collided with the Swanson car, plaintiff's injuries being the result of that collision.

■ There was evidence sufficient to take to the jury the issue of defendant's negligence. It was, or should have been, obvious to both drivers, Makepeace and Swanson, that the presence of the road grader and the resulting cloud of dust completely obscuring their vision imposed upon both a high degree of care. It was for the jury to say whether the conduct of the driver of defendant's car measured up to that standard.

The issue of contributory negligence was also submitted. It is impossible to tell whether the verdict was based upon a finding of no negligence on the part of Makepeace or upon such a finding plus one of contributory negligence of plaintiff, proximately contributing to the injury. If there was no evidence reasonably tending to prove contributory negligence, it was error to submit that issue under the rule of such cases as Bowers v. C. M. & St. P. Ry. Co. 141 Minn. 385, 170 N. W. 226. For other cases see 5 Dunnell, Minn. Dig. (2 ed. & Supp.) § 7174. Compare Burgess v. Crafts, 184 Minn. 384, 238 N. W. 798.

■ There must be reversal because the record discloses no evidence tending to indicate that there was any negligence on plaintiff's part. The record shows only that he was riding as a passenger on the front seat of the Swanson car. Both he and Swanson were employes of Nolan Bros. Inc., the contractors who were doing the grading on that stretch of road preparatory to paving. Swanson was the general superintendent, plaintiff a mechanic. Whatever duty

was imposed upon him as matter of reasonable care, there is no evidence indicating that he did not perform it. The evidence is a blank as to his conduct just before the collision. There is no use of going into details, for the foregoing negative summary tells the whole story.

It follows that the submission to the jury of the issue of contributory negligence was prejudicial error for which the order appealed from must be and is reversed.