ALFRED HAGE v. CROOKSTON TRUST COMPANY.[1]

April 23, 1937.

No. 31,209.

---

[1] Reported in 272 N. W. 777.

534

*Rasmus Hage, Ole J. Vaule,* and *William P. Murphy,* for appellant.

*Grady & Grady,* for respondent.

GALLAGHER, CHIEF JUSTICE.

The respondent, Alfred Hage, presented a claim against the estate of his deceased mother, Martha Hage, to the probate court of Norman county. The claim was based upon services alleged to have been rendered by claimant for his mother during her lifetime under an agreement whereby he was to be paid for same. The probate court allowed claimant the sum of $1,500. An appeal was taken to the district court, where upon trial, after proper issues were framed, the jury returned a verdict for respondent in the sum of $2,000. From an order denying appellant's motion for judgment notwithstanding the verdict or for a new trial, the representative of the estate took this appeal.

Briefly stated, the material facts are these: Ole R. Hage and Martha, his wife, were residents of Norman county. They were the parents of several children, including the respondent. Prior to 1922 all of the children had left the parental home except Olaf, an invalid son, and were making their own way. Thereafter their visits home were occasional and of short duration. The parents

lived upon and operated a 300-acre farm owned by Ole and located near Halstad, Minnesota. They resided upon this land for more than 30 years prior to 1913, when they discontinued farming and moved to Crookston, where they lived until 1929. Partly on account of financial difficulties, they returned to the farm that year and thereafter made their home there. The father died in January, 1930, at the age of 83; the mother died in August, 1931, at the age of 74 years; and Olaf, the invalid son, died in November, 1930.

It was the claim of the respondent at the trial that in March, 1922, the mother, Martha Hage, wrote a letter to him requesting that he return home and take care of his father, mother, and brother Olaf. At that time respondent was employed at Radium, Minnesota, and had an offer of future employment in a bank in Minneapolis. Shortly after receipt of the letter, respondent did return to his parents' home and continued to reside with them until they died.

He testified quite fully as to the nature and extent of the services rendered, both in the care and support of the parents and of the invalid brother, and also as to the services rendered in connection with the farming operations. The father was seriously injured in 1928 and died some 18 months later. His condition between the date of his injury and the date of his death was such that he required almost constant attention. There was evidence to the effect that the mother was considerably handicapped because of a rheumatic condition, and that the brother Olaf was in such a condition of health that he rendered very little service and required some attention.

■ The first point made by the appellant is that the evidence does not justify a finding that a contract, either express or implied, existed between the decedent and respondent, and that by reason thereof its motion for a directed verdict should have been granted. That there must be evidence upon which such a contract can be based is conceded. The presumption is that when a child remains in the parental home after reaching his majority, regardless of the value of the services he performs, such services are in the nature of family duties and are not compensable. Knight v. Martin, 124

Minn. 191, 144 N. W. 941; Lansing v. Gregory, 128 Minn. 496, 151 N. W. 277; Thysell v. McDonald, 134 Minn. 400, 159 N. W. 958, Ann. Cas. 1917C, 1015; Wagner v. Seaberg, 138 Minn. 37, 163 N. W. 975; In re Estate of Klessig, 153 Minn. 27, 189 N. W. 424; Larson v. Larson, 161 Minn. 289, 201 N. W. 420; In re Estate of Havenmaier, 163 Minn. 218, 203 N. W. 958; In re Estate of Johnson, 170 Minn. 451, 212 N. W. 815.

The evidence in this case amply sustains the determination of the jury that an implied contract existed between the respondent and his mother that she was to pay for the services rendered by respondent in caring for his parents and his invalid brother and for the other work to be performed. While the nature and extent of the services rendered by the respondent was vigorously disputed by the brothers and sisters, the credibility of such evidence was for the jury, and it is not within our province to say that the jury should not have believed respondent's testimony or that it should have given more credence to the testimony of appellant's witnesses. The record discloses evidence from which the jury could well have found that respondent returned to his parents' home at the request of his mother at a time when he was engaged in another gainful occupation and thereafter remained in the home, for a period of about nine years, rendering services not only in the care of the inmates but also in the operation of the farm.

Included in the evidence offered by respondent was the testimony of Dr. H. Holte, Mrs. Hage's attending physician, who resided at Crookston, Minnesota. He testified that after the Hages moved back to the farm, on one of his visits to the home, Mrs. Hage told him that Alfred was the only one of the children who had taken care of her and that she wanted him to get the home eighty. There was other testimony given by respondent's witness, Ole Lingstad, a neighbor of the Hages', to the effect that Alfred stayed at home and helped the mother and because of that fact she intended, so she had told him, that he have the eighty.

If the proof measures up to the requirements of the law pertaining to implied contracts in such cases, and we think it does, respondent should be reimbursed for the services he rendered.

The amount of the verdict is not questioned except by the general assignment that the verdict is not justified by the evidence. We think the verdict is justified by the evidence.

Neither are we seriously impressed with the position of the appellant that if the respondent had a claim at all it was properly assertable against the father's estate. That fact would not prevent respondent from asserting his claim against the mother's estate provided she was a party to the employment contract.

■ Complaint is made by appellant of the court's refusal to instruct the jury in the following language: "Courts are strict in scrutinizing and weighing the evidence offered to establish a contract between parent and child, and the evidence must be clear, satisfactory and convincing."

A requested instruction in substantially the language quoted was held to be objectionable in Donahue v. Donahue, 53 Minn. 460, 55 N. W. 602. It was disapproved in the case of Smith v. Hansen, 174 Minn. 272, 219 N. W. 151. The charge as given properly stated the applicable law, and we think the jury could not have misunderstood its meaning. After carefully and properly stating the presumption rule, the court instructed the jury as follows:

"Before the jury could render a verdict in favor of Alfred Hage, the jury would have to find by a fair preponderance of the evidence, from all the facts and circumstances in the case, that at and during the time claimed he rendered services as claimed, he entered into an arrangement or agreement with the deceased, Martha Hage, to do so, and that the deceased, Martha Hage, in such arrangement or agreement agreed to compensate him for such services after her death, and that the compensation had not been paid.

"And if the jury should find, or be satisfied by a fair preponderance of the evidence, that Alfred Hage is entitled to recover in this case, he can recover for the reasonable value of his work, services and labor from the time the agreement that you find existed was entered into, to the time of the death of Martha Hage on August 15, 1931. But the amount of recovery could not exceed an amount equal in value to the value of the payment which Martha Hage

agreed to make to him for his services, if you find that such an agreement was made."

This instruction properly gave to the jury the degree of proof required to find that a contract existed.

Appellant assigns other errors in the introduction of evidence. We find none that merit special mention. The errors complained of were not prejudicial.

Order affirmed.

MR. JUSTICE JULIUS J. OLSON took no part in the consideration or decision of this case.

