## JESSIE M. KJELDERGAARD v. DAVID O. GULLIFORD.

109 N. W. (2d) 586.

June 2, 1961—No. 38,198.

*Richards, Montgomery, Cobb & Bassford, Greer E. Lockhart,* and *William G. Bale,* for appellant.

*Robins, Davis & Lyons, Willard L. Converse,* and *Arnold M. Bellis,* for respondent.

FRANK T. GALLAGHER, JUSTICE.

This is an appeal from an order of the district court vacating and setting aside a judgment, granting plaintiff's motion for a new trial, and reinstating the action on the calendar for trial.

This appeal concerns an action commenced on May 28, 1959, by Jessie M. Kjeldergaard for personal injuries suffered by her on September 17, 1956, when she fell down a stairway between the first floor and the basement in the home of defendant, David O. Gulliford. At the time of the accident plaintiff was employed by defendant in his home as a domestic employee. The complaint alleged that on and prior to September 17, 1956, defendant was having his residence re-

modeled and enlarged by a contractor; that during the course of the work he and his agent negligently, unlawfully, and carelessly allowed the premises to become unsafe and dangerous and to remain in that condition. Defendant's answer alleged contributory negligence and was amended at the outset of the trial to allege the further defense of assumption of risk by the plaintiff.

The trial started on December 9, 1959, before a jury. At the close of the evidence, both parties having rested, the court granted the motion of defendant for a directed verdict in his favor. In doing so, the court stated:

"* * * The Court has given this matter a great deal of consideration and feels, under the law as it understands the law, that no cause of action has been established by plaintiff against defendant, * * *."

Judgment was entered accordingly on January 14, 1960.

On February 15, 1960, the plaintiff moved the court for a new trial, contending that the trial court erred in directing a verdict for the defendant; in holding as a matter of law that there was no negligence on the part of the defendant; in holding as a matter of law that the plaintiff was guilty of contributory negligence or assumption of risk or both; and in not permitting plaintiff's action to go to the jury.

On June 24, 1960, the court determined upon the records, files, and proceedings, including the settled case, that it had erred in directing a verdict for the defendant and in failing to submit the issues of negligence, contributory negligence, and assumption of risk to the jury. It therefore ordered that the judgment entered be vacated and set aside; that plaintiff's motion for a new trial be granted; and that the action be reinstated on the court calendar for trial. In its memorandum attached to said order, the trial court stated:

"While the evidence is strong in defendant's favor as barring plaintiff's right of recovery, the court has now concluded upon the record before it that the evidence bearing on defendant's negligence and plaintiff's contributory negligence and assumption of risk is not so conclusive in defendant's favor as to have justified the removal of those issues from jury consideration."

Defendant's assignment of error on appeal is that the court erred in granting the motion for a new trial on the sole ground that it had erred in directing a verdict for defendant. He contends that the plaintiff failed to sustain her burden of proof on the issues of negligence and proximate cause and that she assumed the risk of the condition of which she complains, as a matter of law.

Plaintiff on the other hand argues that the issues of negligence of the defendant and proximate cause, as well as the issue of plaintiff's assumption of risk, were all for the jury.

■ The order appealed from herein vacated and set aside a judgment for defendant and granted a new trial to the plaintiff. An order granting a new trial is appealable if it vacates a judgment. Satter v. Turner, 257 Minn. 145, 100 N. W. (2d) 660, and cases cited.

■ A review of the record in the instant case satisfies us that, while there is substantial evidence favoring defendant's position, we cannot say as a matter of law that it was so conclusive that the trial court is now in error in making the order appealed from herein.

In view of our decision we deem it unnecessary to review in detail the evidence in the record inasmuch as evidence will be presented at the new trial which will have to be passed upon by the trial court at that time.

Affirmed.