RAYMOND RAUK v. HAAKEN J. VOLD.

127 N. W. (2d) 687.

April 17, 1964—No. 39,091.

*Holst, Vogel & Richardson*, for appellant.

*Murnane, Murnane, Battis & deLambert* and *Johnson & Johnson*, for respondent.

MURPHY, JUSTICE.

This is an appeal from an order denying judgment notwithstanding the verdict or a new trial after a special verdict in favor of plaintiff in an action for personal injuries and for damage to his automobile. Defendant contends that plaintiff was contributorily negligent as a matter of law and that the trial court erred in denying his motion for judgment notwithstanding the verdict. He contends in the alternative that a new trial should be granted because of erroneous instructions.

Viewing the record in the light most favorable to the verdict, it appears that the parties were involved in an automobile collision in the city of Faribault at about 5:15 p. m. on March 15, 1961. The collision occurred at or near a point where St. Paul Avenue intersects with Ravine Street. Ravine Street is 23 feet in width and St. Paul Avenue is 34 feet in width, but the area of the intersection is much greater than these widths would indicate. Since St. Paul Avenue runs northeast and southwest and Ravine Street runs east and west, Ravine Street enters St. Paul Avenue at an angle of about 45 degrees. There are no curbs or sidewalks on either of these streets. The north boundary of Ravine Street curves gradually to the north and east until it becomes the westerly boundary of St. Paul Avenue. The south boundary at the intersection curves sharply to the south and becomes the westerly boundary of St. Paul Avenue. At the time of the accident defendant was proceeding in a Chevrolet automobile southwest on St. Paul Avenue. Plaintiff was operating a pickup truck, was driving in an easterly direction, and had entered the intersection from Ravine Street.

The principal factual dispute as it appears from the record concerns the point at which the two automobiles came into contact. It appears that plaintiff was on his way home and intended to turn left at the

intersection and travel north on St. Paul Avenue. The collision occurred either before or after plaintiff had completed his turn in the intersection. The court submitted the issues to the jury by special verdict. The jury found that defendant was negligent in the operation of his automobile and that his negligence was the proximate cause of the collision. They also found that plaintiff was negligent but that his negligence was not the proximate cause of the collision. The court ordered judgment for plaintiff in the amount determined by the jury.

■ Much of the argument on appeal relates to the contention of defendant that plaintiff was contributorily negligent as a matter of law. It is claimed that the evidence, including the physical facts, compels the conclusion that plaintiff in negotiating the left turn at the intersection had cut a corner, and, at a point beyond the intersection, collided with defendant's automobile on the westerly side of St. Paul Avenue.

The evidence which supports the finding of the jury is by no means compelling. If they had reached a contrary conclusion, it certainly would be affirmed. Both parties had difficulty in attempting to establish the point at which the automobiles collided. The evidence is conflicting and, as we view the record, it permits the jury to find inferences from physical facts which would support either side. The difficulties encountered in establishing proof of facts relating to the collision arose not only from the character of the intersection but from the absence of satisfactory versions of the occurrence by the parties themselves. Defendant admits that he did not look to his right from the time he was about 240 feet from the intersection until just a moment before the collision. There is also evidence which would indicate that he was exceeding the legal speed limit. Plaintiff on the other hand suffered retrograde amnesia following the accident and recalls nothing from the time he entered Ravine Street, 2 or 3 minutes before the accident, until the time he regained consciousness in the hospital.

It may be fairly said that when all of the testimony was in, the record established the negligence of defendant in failing to keep a proper lookout and in operating his automobile at an excessive speed. It is conceded that if the collision occurred in the intersection plaintiff had

the benefit of the right-of-way rule at the intersection under Minn. St. 169.20, subd. 1. It may be also said that a fact question was presented as to the contributory negligence of plaintiff and as to whether such contributory negligence was the proximate cause of the accident. Because of the conflicting facts and inferences to be drawn from them, it could not well be said that reasonable minds could not draw different conclusions. It may also be added that defendant had the burden of proof on the issue of plaintiff's contributory negligence.

It is unnecessary to review in detail all of the evidence bearing upon the issues presented. Counsel for both sides were faced with the task of reconstructing the event from physical facts and the testimony of witnesses who did not see the accident. It does appear from the record, however, that the police officer who was present after the accident testified that he considered that the point of collision was within the area of the intersection. There is also evidence from the police officer and the operator of the auto wrecker who later removed the wrecked vehicles that the appearance of the debris and skid marks indicated that the accident occurred within the area of the intersection. We think there was enough evidence for the jury to find that the accident occurred within the interesection, where plaintiff had the benefit of the right-of-way rule, rather than at a point beyond the intersection and on the wrong side of the street as defendant contends.

The record is comparable to that in Dahling v. Dammann, 251 Minn. 171, 87 N. W. (2d) 25, which also involved an intersection collision of two vehicles, each of which had one occupant. There were no eyewitnesses to the accident. Defendant there suffered retrograde amnesia and had no recollection of events leading up to the impact. The operator of the other automobile died from the injuries he sustained in the accident. Counsel had to rely on physical facts surrounding the accident as a basis for jury determination of the issues of negligence and contributory negligence. There, as here, the jury found by special verdict that defendant's negligence was the proximate cause of the accident. They also found, as they did here, that there was negligence on the part of the decedent but that his conduct was not the proximate cause of the accident. In that case we reiterated the well-established

rule that causation is a fact issue for determination by a jury except when the facts are undisputed and susceptible of but one inference. There, as here, evidence of skid marks following the collision, the extent of damage to the automobiles, and the position of the automobiles following impact allowed the jury to resolve the issue of negligence and proximate cause against defendant and negligence without causal connection on the part of plaintiff.

The well-established rule which we follow (Bridges v. Hillman, 249 Minn. 451, 454, 82 N. W. [2d] 615, 617) is that in order for defendant to prevail on the issue of contributory negligence, "it must be determined from the evidence, viewing it in the light most favorable to plaintiff, that all reasonable men must conclude that plaintiff did not exercise that degree of care under the circumstances which a rational person would exercise for his own safety." We accordingly hold that the trial court was correct in his view that the record did not establish contributory negligence of plaintiff as a matter of law.

■ Defendant strenuously contends that the trial court erred in instructing the jury with reference to right-of-way at an uncontrolled intersection. The instructions included the following portion of Minn. St. 169.20, subd. 1:

"When two vehicles enter an uncontrolled intersection from different highways at approximately the same time the driver of the vehicle on the left shall yield the right of way to the vehicle on the right.

"The driver of any vehicle traveling at an unlawful speed shall forfeit any right of way which he might otherwise have hereunder."

The court also read part of § 169.19, subds. 1 and 4:

"Subdivision 1.   The driver of a vehicle intending to turn at an intersection shall do so as follows:

\*     \*     \*     \*     \*

"(2)   Approach for a left turn \* \* \* shall be made so as to leave the intersection to the right of the center line of the roadway being entered. \* \* \*

\*     \*     \*     \*     \*

"Subd. 4.   No person shall turn a vehicle at an intersection unless

the vehicle is in proper position upon the roadway as required in this section * * *."

The asserted error is predicated upon the claim that there was no evidence to establish that the accident occurred in the intersection. We have examined the exhibits with reference to the intersection involved. It is not a right-angle intersection as defined in the first part of § 169.01, subd. 36,[1] but it comes within the second part of the definition, which reads, "the area within which vehicles traveling upon different highways joining at any other angle may come in conflict." The section of the statute was read by the court in its instructions to the jury without explanation. While there is considerable evidence in the record bearing upon the place where the accident occurred, we do not find that the parties succeeded in establishing the precise area of the intersection as comprehended by the second part of § 169.01, subd. 36. No request was made for instructions which might help the jury determine the area embraced within the intersection of these particular streets. We gather from the record that both parties were satisfied that the jury might consider the interesection to be that area which traffic might normally be expected to take in passing through it in various directions. Since there was evidence to indicate that the accident occurred in this broadly defined area, we see no error in the trial court's instructions referring to the right-of-way rule as it applied thereto. Tollefson v. Ehlers, 252 Minn. 370, 90 N. W. (2d) 205.

■ The next point made by defendant is that the court erred in giving supplementary instructions to the jury. It appears that the jury returned to the courtroom after several hours of deliberation, being unable to agree on a special interrogatory which they were required to answer relating to whether the negligence of plaintiff was a proximate cause of the collision. In giving the jury further instructions, the court said:

---

[1]Minn. St. 169.01, subd. 36, provides in part: " 'Intersection' means (a) the area embraced within the prolongation or connection of the lateral curb lines, or, if none, then the lateral boundary lines of the roadways of two highways which join one another, at, or approximately at, right angles, or the area within which vehicles traveling upon different highways joining at any other angle may come in conflict."

"Now, if you find someone has been negligent in some respect in driving his automobile, and you do not feel that that negligence, even though he was guilty of the negligence, really caused the accident or contributed to it, then, of course, you should answer the question no. But if you figure his negligence contributed to the happening of the accident, then you should answer that question yes. Now, if you find that somebody has been negligent, but you don't know whether or not it is the proximate cause, then you must try to determine whether or not his act or omission contributed to the happening of the accident in question. Does that help you any? You can be negligent sometimes, you know, and it necessarily does not have to be a cause of any trouble. It has got to be negligence that causes trouble, that caused the accident or contributed to the happening of the accident. Now, if you are not satisfied that the negligence of somebody contributed to the accident or helped cause it, then, of course, your answer should be 'no.' Does that help you any? I can't decide this case for you. You will have to decide this case yourselves. Now, if you can't agree, you can't agree, but maybe if you go back and think about it, maybe you can come to some conclusion on that."

Defendant asserts that the phrase "if you are not satisfied" is an erroneous statement of the burden of proof and is prejudicial error. Counsel were not present at the time of these instructions.

The supplementary instruction just quoted must be examined in light of the original instruction given to the jury on all of the material issues in the case. In the original instructions, the trial court said:

"* * * Before you determine who if any one was negligent, you must consider all of the evidence, the arguments of counsel, and the instructions of the Court. It is the law that you are not permitted to speculate or guess as to who if anyone was negligent. The burden of proof is upon the party who claims and asserts that another was negligent, and that such negligence was a proximate or a contributing proximate cause of the accident complained of. The party claiming or asserting that another was negligent, and that such negligence was a proximate or a contributing proximate cause of the accident complained of, having the

burden of proof, must prove it by a fair preponderance of the evidence, and by a fair preponderance of the evidence is meant the greater weight and credibility of the testimony. In determining the disputed questions or issues of fact in this case, you must consider and weigh all the evidence and all the physical facts and circumstances brought to light in the case, whether such facts and circumstances be favorable or unfavorable, regardless of which side has produced the evidence."

The asserted error may be disposed of by authority of Netzer v. N. P. Ry. Co. 238 Minn. 416, 426, 57 N. W. (2d) 247, 253, where we said:

"Examination of the entire charge, including the court's illustrations of the *preponderance of evidence* rule, convinces us that the jury was not misled by the use of the word 'satisfy' or any of its parts. Obviously, the words 'if you are satisfied by a fair preponderance of the evidence' and like phrases were intended to convey the same meaning as would have been conveyed had the court said, 'if you believe from a fair preponderance of the evidence.' We have held the use of such words as 'satisfy,' 'satisfies,' or 'satisfying,' when the use is in conjunction with a detailed and correct instruction of fair preponderance of the evidence, not to be erroneous. See, Hage v. Crookston Trust Co. 199 Minn. 533, 272 N. W. 777; Kramer v. Northwestern Elev. Co. 97 Minn. 44, 106 N. W. 86; Lindsley v. C. M. & St. P. Ry. Co. 36 Minn. 539, 33 N. W. 7."

While it is not correct to instruct the jury that it must be "satisfied" of the evidence of facts where such facts are only required to be established by a "preponderance of the evidence," we believe that on the record here, viewing the instructions as a whole, there was no prejudice to defendant. State v. Anderson, 261 Minn. 431, 113 N. W. (2d) 4; Lott v. Davidson, 261 Minn. 130, 109 N. W. (2d) 336; Cameron v. Evans, 241 Minn. 200, 62 N. W. (2d) 793; Zurko v. Gilquist, 241 Minn. 1, 62 N. W. (2d) 351; Lieberman v. Korsh, 264 Minn. 234, 119 N. W. (2d) 180; Danielson v. St. Paul Fire & Marine Ins. Co. 256 Minn. 283, 98 N. W. (2d) 72, 93 A. L. R. (2d) 137.

Affirmed.