# GRACE CORMICAN AND ANOTHER v. VICTOR PARSONS.

163 N. W. (2d) 41.

November 29, 1968—No. 40761.

*Fena, Randall & Murray* and *Jack Fena,* for appellants.

*Hammer, Weyl, Halverson & Watters* and *Gerald J. Brown,* for respondent.

Heard before Knutson, C. J., and Nelson, Murphy, Peterson, and Frank T. Gallagher, JJ.

NELSON, JUSTICE.

Appeal from an order of the district court denying plaintiffs' motion for judgment notwithstanding the verdict or, in the alternative, for a new trial.

On January 20, 1964, plaintiff Grace Cormican became involved in an automobile accident with Victor Parsons, defendant. It is alleged by plaintiffs that Grace Cormican was operating a 1957 Oldsmobile as bailee, said vehicle being owned by her husband, plaintiff Edward Cormican, the bailor. Grace was alone in the car, driving in a southerly direction on State Highway No. 6 between Deer River and Effie, Minnesota. Her daughter was following in her own car. Defendant was traveling in a northerly direction, the sole occupant of his semitrailer truck. Grace's vehicle and defendant's vehicle brushed each other on a bridge in such a manner that the left rear wheels of defendant's truck and the left rear fender of Grace's vehicle collided, causing damage to the Oldsmobile in the amount of $31. Grace claims she received injury to her right hip, right leg, and lower back, resulting in permanent partial disability. Defendant did not allege any injury.

Grace's testimony, corroborated by her daughter, indicates that as Grace approached the bridge she saw a truck and trailer, approaching from the opposite side, swerve onto her side of the road. She testified that she slowed to a stop in the center of the bridge and simultaneously threw herself down on the seat in apprehension of an impending collision. Grace claims that the impact caused her to be thrown to the floor.

Grace further testified that immediately following the accident de-

fendant stated he was traveling 50 miles per hour when he entered the bridge. Defendant, however, denies making such statement.

Defendant testified that he saw the bridge about a quarter of a mile before he reached it and also saw Grace's automobile approaching. He testified to reducing his speed from 50 to 15 or 20 miles per hour prior to his entry upon the bridge and that the bridge was icy. He estimated Grace's speed at 15 or 20 miles per hour, although she estimated her speed at 25 to 35 miles per hour when she entered the bridge. Defendant said that the vehicles continued to approach each other and passed each other at a speed of approximately 5 miles per hour and that Grace was "going through fine."

He also testified that he was watching through the mirror and actually saw Grace's car slide over near the rear end of his trailer and that at the time of the impact between the vehicles the trailer's rear wheels were in the right-hand or northbound lane of the bridge and that her vehicle was partially over the centerline in his lane. Defendant at no time altered his testimony in that respect, although he did make some conflicting statements and on redirect testified he did not see what actually happened at the moment of impact. He also admitted that it was possible for the trailer to swing to either side without affecting his tractor and that this had at times happened to him.

Grace's daughter, the only other witness to the accident, basically supported her mother's version of the incident. She testified that as she followed her mother she noticed that the road was icy in spots, but was generally clear; that defendant's trailer came over a hill south of the bridge going fast; and that the trailer was not directly following the tractor but was fishtailing. She also testified that when the rear wheels of the trailer hit the back of the car, the car bounced into the air; that both rear wheels bounced into the air two times; that the truck was going close to 50 miles per hour as it approached the bridge; and that its rear trailer wheels were about 3 feet over the centerline.

The testimony of Grace and her daughter and that of defendant as to the speed and the manner of approach to the bridge on the part of both drivers is clearly conflicting. Defendant testified that the bridge was icy upon entering, while plaintiffs' daughter testified that the road was icy

in spots but generally clear. According to the testimony of both, at least there were varying icy spots on the bridge.

It cannot escape notice, however, that defendant testified that Grace was on her own side of the road as she entered the bridge where the accident occurred and that she was on her own side near the right-hand edge when she stopped after the accident. He also testified that she had slowed down to 5 miles per hour.

The trial court submitted the issue of contributory negligence to the jury with the instruction that it must consider whether plaintiff driver was guilty of contributory negligence which proximately caused her injuries. The jury returned a general verdict for defendant.

The basic question on appeal is whether the trial court was justified in submitting the issue of Grace's contributory negligence to the jury. Plaintiffs contend that defendant's evidence on that issue was insufficient to support a reasonable belief that Grace had been negligent. Plaintiffs also raise the question of whether the trial court was justified in denying a motion for judgment notwithstanding the verdict when their evidence presented the only version of the facts which they contend could reasonably be believed.

■ Contributory negligence is defined as a want of ordinary or reasonable care on the part of a person injured by the negligence of another, directly contributing to his injury as a proximate cause thereof, without which the injury would not have occurred. Strong v. Shefveland, 249 Minn. 59, 81 N. W. (2d) 247.

■ This court stated in Jablinske v. Eckstrom, 247 Minn. 140, 143, 76 N. W. (2d) 654, 657:

"* * * Ordinarily the issue of contributory negligence is for the jury. Its determination of the issue must stand unless manifestly and palpably contrary to the evidence viewed as a whole and in the light most favorable to the verdict. It is only in those cases where the evidence is so clear and conclusive as to leave no room for differences of opinion amongst reasonable men that the issue of contributory negligence becomes one of law to be decided by the court."

Also see, Standafer v. First Nat. Bank, 243 Minn. 442, 68 N. W. (2d)

362; Behrendt v. Ahlstrand, 264 Minn. 10, 118 N. W. (2d) 27; Kjeldergaard v. Gulliford, 260 Minn. 234, 109 N. W. (2d) 586; Trimbo v. Minnesota Valley Natural Gas Co. 260 Minn. 386, 110 N. W. (2d) 168.

■ The question here is whether the evidence is sufficient to support a reasonable belief that Grace was contributorily negligent, leaving the determination of that issue to the jury. A reading of the record clearly indicates that the evidence as to the existence of icy spots on the road and as to what occurred on the bridge is conflicting and under the circumstances it is for the jury to determine what did occur. Grace's own conduct as established by the evidence may well be sufficient to sustain a finding that she failed to exercise reasonable care. The law clearly requires that every person has the duty to exercise reasonable care for his own safety and if he fails to do so he is said to be contributorily negligent. The test becomes what a reasonably prudent person would have anticipated under the same or similar circumstances, and, so anticipating, how such a reasonably prudent person would have acted in the particular situation. Muckler v. Buchl, 276 Minn. 490, 499, 150 N. W. (2d) 689, 695.

■ The defendant has the burden of proving plaintiff's contributory negligence. Rauk v. Vold, 268 Minn. 56, 127 N. W. (2d) 687.

Plaintiffs cite several Minnesota decisions where the rule is followed that the issue of contributory negligence may not be submitted to the jury when the evidence is not sufficient to support a finding that the plaintiff was negligent. Reviewing these decisions, it is apparent that these cases present fact situations which are materially different from the facts involved in the instant case. Plaintiffs in Vukos v. Duluth St. Ry. Co. 173 Minn. 237, 217 N. W. 125, and Hall v. Gillis, 188 Minn. 20, 246 N. W. 466, were guest passengers in automobiles and these cases simply held that the contributory negligence of the drivers cannot be imputed to the passengers.

In Bakkensen v. Minneapolis St. Ry. Co. 184 Minn. 274, 238 N. W. 489, the plaintiff was a passenger in a streetcar, injured when the car gates slammed and closed against her as she stood in the doorway preparing to step from the car to the street. She was not in control of the gates, and there was no basis under the circumstances for finding that

she was negligent by standing in the doorway where the gates shut against her.

In Swanson v. LaFontaine, 238 Minn. 460, 57 N. W. (2d) 262, a pedestrian was walking along a sidewalk when he was placed in peril by an automobile hood blown from the defendant's automobile by high winds. Plaintiff fell to the ground as he momentarily drew his attention from the sidewalk and ducked to avoid the hood coming through the air.

In our examination of the cases cited by plaintiffs, it appears that the one common element which distinguishes each of them from the instant case was the passive nature of the conduct of the party against whom a claim of contributory negligence was asserted. Plaintiff driver in the case at bar was the operator of an automobile and an active participant in the events immediately preceding the collision.

A motion for judgment notwithstanding the verdict admits every inference reasonably to be drawn from the evidence as well as the credibility of the testimony for the adverse party, and if the application of this rule, in the light of all the evidence, discloses a reasonable basis for the verdict, the motion must be denied. Cofran v. Swanman, 225 Minn. 40, 29 N. W. (2d) 448; Swanson v. Minneapolis St. Ry. Co. 252 Minn. 484, 90 N. W. (2d) 514; Danielson v. St. Paul Fire & Marine Ins. Co. 256 Minn. 283, 98 N. W. (2d) 72, 93 A. L. R. (2d) 137; Botz v. Krips, 267 Minn. 362, 126 N. W. (2d) 446.

It is our view that the record contains ample evidence to support the verdict for defendant since it can hardly be said that the evidence is conclusive against the verdict. The jury's findings cannot be said to be clearly erroneous in the sense that they were manifestly contrary to the weight of the evidence or not reasonably supported by it. See, Smith v. Hencir-Nichols, Inc. 276 Minn. 390, 150 N. W. (2d) 556; Templin v. Crestliner, Inc. 263 Minn. 149, 116 N. W. (2d) 178; Bush v. Havir, 253 Minn 318, 91 N. W. (2d) 784.

There was a conflict in the testimony in the instant case on the fact issues of negligence and contributory negligence, and under the circumstances they were properly submitted to the jury.

Affirmed.