Helen STEMMER and Lois Broos, Appellants,

v.

ESTATE OF Mary E. SARAZIN, deceased, Respondent.

No. C1–84–1523.

Court of Appeals of Minnesota.

Feb. 19, 1985.

Julius A. Coller, II, Shakopee, for appellants.

Dennis Patrick Moriarty, Jaspers, Moriarty & Walburg, Shakopee, for respondent.

Considered and decided by POPOVICH, C.J., and NIERENGARTEN and RANDALL, JJ., with oral argument waived.

## OPINION

RANDALL, Judge.

Helen Stemmer and Lois Broos filed claims against the estate of Mary Sarazin for personal services they rendered her. The court disallowed the claims, and they appealed. We affirm.

## FACTS

Mary Sarazin ("decedent") lived alone and was in poor health for at least the last seven years of her life. Helen Stemmer, a second cousin, and Lois Broos, a neighbor, helped her with chores such as housework, yard work, home maintenance, shopping, and personal care. There was never any agreement, either oral or written, that either woman would be compensated for her help. It is not disputed that the services rendered to decedent were helpful.

Decedent was under guardianship from August 30, 1978, until her death on August 30, 1983. Decedent's guardian employed several people to perform various services for decedent that she could not perform by herself. Both appellants knew of the legal guardianship by the summer of 1980. Neither appellant applied to the guardian for compensation for their past services, nor did either approach the guardian about compensation for future services. Stemmer ceased performing services when she found out about the guardianship, but Broos continued to help out. Neither appellant made any claim for services while Mary Sarazin was alive. After her death, they both filed claims with the estate. Broos' claim in the amount of $5200 covered parts of four years up to Sarazin's death, and Stemmer's claim in the amount

of $18,600 covered parts of seven years up until 1980.

## ISSUE

Did the trial court err in disallowing appellants' claims against the estate?

## ANALYSIS

 Appellants testified that decedent had never asked for their help, and that they never had hope or expectation of being paid. In their own words, they acted out of "Christian charity." There was thus no "mutual intention to contract" so as to warrant fashioning a contract implied in fact. See AFSCME Councils 6, 14, 65 and 96, AFL–CIO v. Sundquist, 338 N.W.2d 560, 567 (Minn.1983). Further, by appellants' own admissions, decedent had made no promises to appellants which would have induced any action by them. Appellants' actions were not undertaken in any reliance upon her future largesse. There is thus nothing which warrants application of promissory estoppel. Id. at 568.

 The doctrine of quantum meruit is similarly inapplicable. While quasi contract is imposed by law regardless of the intentions of the parties, it is used only when failure to do so would result in unjust enrichment. To allow the decedent's estate to keep the benefits of appellants' generosity would not unjustly enrich it at the expense of appellants. First, the value cannot be quantified. Second, appellants testified they had no intention of being paid at the time they acted. Although not conclusive, the appellants' failure to contact decedent's guardian and discuss either compensation for their past services or compensation for future services corroborates the court's finding that appellants never had any intention of being paid for their work.

Minnesota cases dealing with claims of this sort against decedents' estates have allowed recovery only where the decedent had expressed some intention of compensating the claimant, see, e.g., In re Cooke's Estate, 210 Minn. 397, 298 N.W. 571 (1941); Schwab v. Pierro, 43 Minn. 520, 46 N.W. 71

(1890) ("mutual understanding" that claimant should be compensated), or where the claimant would not have rendered the service if she had known she would not be paid, *see, e.g., Larson v. Larson,* 161 Minn. 289, 201 N.W. 420 (1924); *Smith v. Hansen,* 174 Minn. 272, 219 N.W. 151 (1928).

 Finally, in *Cooke's Estate,* the court made it clear that this kind of claim could only be allowed where it was specific enough to allow estimation of the value of the services performed. Here, appellants admitted the value they placed on their services was "out of the blue," and could not be proved with any degree of certainty.

## DECISION

The trial court did not err in disallowing appellants' claims.

Affirmed.